# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF KANSAS,

### DURING THE TERM COMMENCING FEBRUARY, 1866.

---

EDUCATIONAL ASSOCIATION OF CHRISTIAN CHURCHES OF KANSAS *v.* A. HITCHCOCK.

### *Error from Coffey County.*

An affidavit showing that a party attempted to procure the attendance of a witness; that he could not be procured to attend and give oral testimony; that witness agreed with and promised plaintiff to attend court, but on account of the inclemency of the weather, or other cause unknown, he did not; that had it not been therefor, the party would have taken the testimony by deposition, *is not a sufficient showing of diligence to warrant a continuance.*

*Doubted,* whether absence of a particular attorney is good ground for a continuance, though, in some cases it might be, within the sound discretion of the court below.

Where the record shows instructions to the jury asked, and by the court refused, and others given, but fails to show that any evidence was given, it will be presumed that there was sufficient evidence to support the verdict, but the applicability of the instructions cannot be passed upon.

In an action to recover for services on contract, where defendant denies generally, and claims violation of agreement, a verdict thus: "We, the jurors in the above entitled cause, find a verdict in favor of the plaintiffs of $480.27, with interest after the first day of June, A. D. 1864;" *Held,* a "general verdict" responsive to the issues made, and good.

*Semble,* had it been objectionable, it might have been modified before the jury separated, upon request of a party, and *held* that a judgment properly entered on such verdict, is good.

But where the court below entered judgment thereon for $507.42, *held* that this was error; the court should have instructed the jury as to rate of interest, and they found for a gross sum; they having failed therein, the court could render judgment for no more than was absolutely found.

*But* this error is not sufficient to reverse the judgment, since the difficulty could have been remedied by modification.

But, *Semble,* the Supreme Court will, with consent of the adverse party, order the judgment so modified as that the amount shall be the sum definitely named in the verdict, viz: $480.27.

This action was brought for the recovery of a salary, on an article of agreement containing stipulations to be performed by each party, at certain times specified. The answer contained a general denial, allegations that plaintiff below had not performed the stipulations on his part, and counter-claims of damages arising from different violations of the agreement. A reply thereto, denying generally the allegations of the answer, was filed.

A further statement of the facts of the case appears in the opinion of the court.

*Wilson Shannon,* for plaintiff in error, submitted:

1. The court below could not render any judgment on the verdict, much less the one rendered. "The jury must assess *the* amount of the recovery." *Comp. L.* 171, § 289, *Civ. Code.*

2. The verdict should comprehend the whole issues submitted to the jury, or the judgment on the verdict will be erroneous. *Nash. Pl.,* 517; *Powell* v. *Harter,* 5 *Ohio,* 259, 227; 2 *Ohio S.,* 451; 21 *Wend.,* 90; 13 *id.,* 425; 6 *id.,* 272; 3 *id.,* 667.

3. The petition and answer, containing a general denial, and three counts for damages, and the reply, present four issues which should have been passed upon by the jury. The verdict is a finding only on the first issue, but does not dispose of the others. This is error. 5 *Ohio R.*, 259; *Hawley* v. *Lun*, 5 *Ohio*, 228, 239.

4. The allegations of the petition and the allegations of the answer, may all have been true. The verdict does not set forth that the jury found the several issues for plaintiff—does not state that they find any issue for plaintiff, only that they find a verdict for him, which disposes of no issue at all.

5. The court erred in its ruling on the application for a continuance. A member of the bar is elected judge and the case forced on to trial, in the absence of depositions, witnesses or counsel. The record of judicial proceedings does not furnish a more lawless, high-handed step than the one assumed by the judge *pro tem.* in this case. As to the power of the court to review this decision: *Stat. Feb.* 1865, *p.* 130; 1 *Blckf.*, 50, 60.

6. The court erred in its instructions to the jury.

*W. Houston* and *W. P. Gambell*, for defendants in error, submitted:

1. The verdict is sufficient to authorize a judgment. 2. The motion for a new trial was properly overruled. The refusal to grant a continuance is no ground for a new trial. 3. The instructions given fairly presented the case to the jury. If the court was right in refusing to give any one of the instructions asked, no error was committed, for those asked were asked as an entirety.

4. None of the evidence is preserved in the record, so that it is impossible to determine whether erroneous instructions were given.

*By the Court*, SAFFORD, J.

Reference being had to the bill of exceptions, and the facts as they appear in the record, we will proceed briefly to examine the several alleged errors presented by the defendant below, and plaintiff here. It is contended by the plaintiff in error that the verdict of the jury in this case was not responsive to, nor a sufficient finding of, the issues therein as made up by the pleadings. The verdict is in these words: "We, the jurors in the above entitled cause, find a verdict in favor of the plaintiff, of four hundred and eighty dollars and twenty-seven cents, with interest after the 1st day of June, 1864." This is a general verdict, and we think that it covers all of the issues in the case. Besides, if it was really objectionable on the grounds stated, it might have been modified before the jury separated, upon request of the party desiring that it should be differently or more clearly expressed. This was not done, nor was any request that it might be done, proffered to the court. It does not seem to us to be a good ground for reversing the judgment, that the verdict was entered and remained in the form in which it appears in the record. It is claimed that the court erred in overruling the motion for a new trial. Such motion was based on the refusal of the court to continue the cause upon the ground of absent witnesses, and also on the ground of absence of a particular attorney. Without entering into any lengthy discussion of this matter, deeming it unnecessary, we are clearly of the

opinion that the court held correctly upon the motion.
The affidavit, which was the foundation of the applica-
tion, did not, in our view, make out a case for a con-
tinuance. It did not show due diligence on the part
of the defendants in endeavoring to procure either the
personal attendance of the witnesses or their deposi-
tions, the latter of which there is no reason to suppose
might not have been obtained, if the proper steps had
been taken in time. The affidavit shows that the de-
fendants did attempt to procure the deposition of one
witness, but we think their show of diligence was too
slight, and that the diligence itself came too late to avail
them anything on such an application. It is very
doubtful if, in a case like the one at bar, and under the
circumstances surrounding it, the absence of a partic-
ular attorney ought to be held as a good ground for a
continuance, though cases might, and no doubt fre-
quently do arise, in which a court, in the exercise of a
sound discretion, would feel bound to defer a trial for
such reason, but we think that this whole matter is
very greatly within the limits of, and should be held
subject to, such sound discretion of the court to whom
the application is addressed ; and in such case a re-
viewing court would decline to interfere, unless it could
be shown that the inferior court had abused its power
in the premises. In this instance it does not seem to
us that the court was liable to a charge of this kind.

It is claimed that the court erred in refusing certain
instructions, and in giving certain others to the jury.
From the condition of the record, we are unable to pass
upon this question at all understandingly.

None of the evidence is set out, nor is it affirmatively
shown that any evidence at all was offered to support
the issues, though such is presumed to be the fact,

from there having been a trial and verdict, as well as from the presumption of law, that a verdict having been found there was sufficient evidence to support until the contrary appeared.   We are therefore unable to see whether the instructions are at all applicable to the case proved, or not.   The court said by its refusal to charge as requested, that the instructions were not applicable, and we are bound to presume that the court was right, in the absence of a showing to the contrary.

The instructions might have embodied a sound principle of law, yet, if not applicable to the case before the jury, it was not error to refuse to give them.

It is further claimed that the court rendered a judgment for a larger amount than was authorized by the verdict.   We think this was the case.   The jury found for the plaintiff in the sum of four hundred and eighty dollars and twenty-seven cents, and interest from the 4th day of June, 1864.   It was the duty of the court to instruct the jury as to the rate of interest, and then they might calculate it.   Failing to do so, and the jury failing to compute the interest, the court could not take such interest into consideration in rendering this judgment.   The jury must assess the damages (*Code*, § 289), and the court then renders the judgment. Besides, if the plaintiff desired, he might move the court to instruct the jury to so correct the verdict as to include the interest.   But we do not think this error is a sufficient ground upon which to reverse the judgment, and especially since the difficulty could be remedied by a simple modification.   The defendant in error consenting thereto, we will order the judgment so modified as that the amount shall be the same as named in the verdict of the jury, to wit: four hundred and eighty dollars and twenty-seven cents, and that

being so modified, the judgment of the court below shall stand as the judgment in this case.

And it is further ordered that the costs of this court shall be equally divided between the said parties.

All the justices concurring.