## MITCHELL ET AL. *v.* GEISENDORFF.

SPECIAL VERDICT.—*Judgment On.*—In a suit for the recovery of money, the jury returned a special verdict, concluding thus : " If upon the above facts the court shall be of the opinion that the law is with the plaintiff, we find for the plaintiff one hundred and seventy-five dollars; but if the court shall be of the opinion that the law is with the defendants, we find for the defendants." The court rendered judgment in the plaintiff's favor for eight thousand dollars.

*Held,* that this was error. The judgment on the special verdict could not exceed the amount of damages found by the jury.

From the Steuben Circuit Court.

*J. Morris, W. H. Withers, J. I. Best, J. H. Baker,* and *J. A. S. Mitchell,* for appellants.

*W. A. Woods,* for appellee.

PETTIT, J.—This suit was brought by the appellee against the appellants and Joseph K. Edgerton. There was a verdict and judgment for Edgerton, and this ended the case as to him. The complaint was this:

" The above named plaintiff complains of the above named defendants and says, that heretofore, to wit, on the — day of January, 1870, the defendants became and were indebted to the plaintiff in the sum of forty-two thousand dollars for so much money by the defendants before that time had and received to and for the use of the plaintiff, of which a bill of particulars is herewith filed, and of which there remains due to the plaintiff from the defendants and unpaid the sum of twenty-five thousand dollars, for which plaintiff demands judgment.

" John Mitchell, George Mitchell, Augustus A. Chapin, John Weston, and Joseph K. Edgerton

"To George W. Geisendorff                    Dr.

" To forty-one thousand eight hundred and sixty-four dollars and fifty-six cents, received by the above named defendants as proceeds of the sale of certain claims of the plaintiff against the Grand Rapids and Indiana Railroad Company, on or about January 4th, 1869: forty-one thousand eight hundred and sixty-four dollars and fifty-six cents.

" And for a second paragraph of his complaint, said plaintiff says, that heretofore, to wit, on the 5th day of January, 1870, the said defendants were indebted to the plaintiff in the sum of forty-two thousand dollars for divers bills of exchange, amounting to said sum of forty-two thousand dollars, and of the value of forty-two thousand dollars, before that time by said defendants had and received to and for the use of said plaintiff, a bill of particulars of which is filed herewith; which said bills of exchange the said defendants afterward, on the day and year last aforesaid, converted to their own use, which said sums, together with the interest thereon, remain due and unpaid; wherefore the plaintiff demands judgment for fifty thousand dollars.

" John Mitchell, George Mitchell, Augustus A. Chapin, John Weston, and Joseph K. Edgerton

" To George W. Geisendorff                        Dr.

" To seven bills of exchange drawn by the Continental Improvement Company on banks in New York, as follows: First draft, Jan. 4th, 1870, payable Jan. 15th, 1870, $5,000. 00

"        Jan. 4th, 1870, payable Apr. 15th, 1870, 7,500. 00
"        Jan. 4th, 1870, payable July 15th, 1870, 7,500. 00
"        Jan. 4th, 1870, payable Oct. 15th, 1870, 7,500. 00
"        Jan. 4th, 1870, payable Jan. 15th, 1871, 7,500. 00
"        Jan. 4th, 1870, payable Apr. 15th, 1871, 5,000. 00
First draft per average interest, Oct. 1st, 1871, 1,864. 56

$41,864. 56

Which said drafts were obtained of the Continental Improvement Company, on account of indebtedness of the Grand Rapids and Indiana Railroad Company to the plaintiff, which said drafts were never in the personal possession of the plaintiff nor seen by him; wherefore he cannot more particularly describe them."

Separate answers, except as to Weston and John Mitchell, who joined, of, 1st. The general denial. 2d. Settlement and payment before suit brought of the several causes of action set out in the complaint. A reply of general denial was

filed to these answers. There was a trial by jury, and a special verdict was rendered of great length, in which the jury found for the defendant Edgerton, and concluded their verdict thus: " If upon the above facts the court shall be of the. opinion that the law is with the plaintiff, we find for the plaintiff in the sum of one hundred and seventy-five dollars; but if the court shall be of the opinion that the law is with the defendants, we find for the defendants.

"S. B. GEORGE, Foreman."

.Motions were made by both parties, which need not be noticed, as they can not affect the final result of this case here. Finally, the plaintiff below, appellee here, moved the court for a judgment for eight thousand dollars on the verdict, which was sustained over the objection and exception of the defendants below, appellants here, and this ruling is assigned for error.

This action of the court was clearly erroneous. The court must enter a judgment on the verdict, or set it aside and grant a new trial, which was asked by the plaintiff in this case and refused. This was an action for the recovery of money, and our statute, 2 G. & H. 206, sec. 338, says: " In actions for the recovery of money, the jury must assess the amount of the recovery." " Where the verdict is special, or where there has been a special finding on particular questions of fact, the court shall render the proper judgment." 2 G. & H. 218, sec. 371.

The "proper judgment" here named means a judgment on the verdict and can mean nothing else. The proper judgment was not rendered in this case. The jury found for the plaintiff one hundred and seventy-five dollars, if the law was with him, and that if the law was with the defendants, then they found for the defendants; yet the court rendered a judgment for eight thousand dollars for the plaintiff. This was error.

The judgment against the appellants is reversed, at the costs of the appellee; and the case is remanded, for further proceedings not inconsistent with this opinion.