W. T. DOSTER, plaintiff in error, *vs.* J. CONKLIN BROWN, defendant in error.

W. T. DOSTER, plaintiff in error, *vs.* J. B. Y. WARNER, defendant in error.

1. When a jury brought in a verdict "for the plaintiff," it was not error in the judge to ask them how much they intended to find, and on the foreman stating the amount (which was the amount claimed) to direct the verdict to be so amended and then read and received as the verdict.
2. When a defendant had pleaded the general issue, as well as a set-off, a general verdict of the jury "for the defendant" is not improper.
3. The verdicts in these cases are not contrary to evidence.

Practice in the Superior Court. Verdict. Pleadings. Set-off. New trial. Before Judge BARTLETT. Greene Superior Court. March Term, 1874.

The two cases above stated were tried together in the superior court. In the first, the jury found a verdict "for the plaintiff." The court instructed them to return to their room and to find a definite sum. The foreman stated that they intended to find the amount claimed, to-wit: $58 79. The court inquired if they meant that by their verdict. The jury assented. The court then instructed plaintiff's counsel to insert that amount in the presence of the defendant's counsel and of the jury. To which defendant excepted.

In the second case, the defendant pleaded the general issue and set-off. The jury found for the defendant. Whereupon W. T. Doster, the defendant in the first case and the plaintiff in the second, moved for a new trial in the first case, because of alleged error in the court in directing said verdict to be amended; in the second, because said verdict expressed no amount; and in both cases, because the verdicts were contrary to the law and the evidence. There was testimony to sustain the verdicts. The motions were overruled, and movant excepted.

E. C. KINNEBREW, for plaintiff in error.

P. B. ROBINSON; W. H. BRANCH; M. W. LEWIS & SON, for defendants.

McCAY, Judge.

1, 2. We see no objection to the course pursued by the judge in correcting the verdict. In effect, it was the same thing as though the amount was written by the foreman's own hand. It was done in the presence of the jury and by their direction. We have all of us seen the same thing done often, and have never heard it objected to before. The verdict in the other case was for the defendant, and needed no correction. It was found that nothing was due from the defendant to the plaintiff, according to evidence under the pleadings.

3. Nor do we think the verdict contrary to the evidence. There is the positive proof of the plaintiff on one side and really no very definite proof on the other. That there is not so much lumber in the house is not conclusive, as it might have been stolen. Again, it seems difficult to understand how the expert could tell the quality of any of the lumber, such as the sleepers, joists, scantling, etc., as they could not be got at to inspect, and he would have to depend on others for the size and number. We suspect the jury did not have as high an opinion of his skill as a calculator as he has himself.

Let the judgment of the court below be affirmed.