Cannon vs. Davies.

---

## CANNON VS. DAVIES.

1. PRACTICE: *Reply, Etc.*
   Where the answer sets up no matter of counter claim or set off a reply is improper; it should not be met by a demurrer however, but should be stricken from the files.

2. FORCIBLE ENTRY AND DETAINER: *Ejectment, burden of Proof.*
   An action of forcible entry and detainer was instituted and, the answer putting the title in issue, was changed into ejectment before the repeal of section 2,947 of Gantt's Digest; *held*, that the repeal of the statute did not affect the proceedings, and it properly proceeded as an action of ejectment: *Held, further*, that the burden of proof continued with the plaintiff.

3. EJECTMENT: *Verdict and Judgment.*
   In an action of ejectment the jury rendered a verdict for the plaintiff without any assessment of damages, the Court entered judgment for the plaintiff for possession and damages; *Held*, that the judgment for damages was not sustained by the verdict.

Cannon vs. Davies.

APPEAL from *Mississippi* Circuit Court.

Hon. L. L. MACK, Circuit Judge.

*Rose* and *Palmer*, for appellant.

*Lyles, contra.*

TURNER, J. :

This was an action of forcible entry and detainer brought by James F. Davies as administrator of the estate of James Stewart, deceased, against James H. Cannon.

The plaintiff alleges that on or about the 15th day of October, 1872, while he was in the peaceable possession of the northeast quarter of section 36, township 11, range 8 east, with all the dwelling houses, barns and sheds thereon, the defendant with violence and by force entered on said land and took possession of one of the houses thereon and continued to hold the same from the plaintiff.

The defendant answered stating that at the time of the service of process in this cause, he was in possession of said land claiming the same as a homestead under the laws of the United State, and by virtue of his entry of the same in the land office at Little Rock, as appears from the Receiver's receipt, which was exhibited with and made a part of the answer ; and he states that he did not, while plaintiff was in possession of the premises in question, with violence and by force enter thereon and take possession of one of the houses as alleged in the complaint. The following is the receipt filed with the answer and made a part thereof :

" Receiver's Receipt, No. 6,023—Homestead."

RECEIVER'S OFFICE, LITTLE ROCK, ARK., Nov. 4, 1872.

Received of James H. Cannon the sum of $14, being the amount of fee and compensation of Register and Receiver for the entry of northeast quarter of section 36 in township 11 north, of range 8 east, under the act of Congress approved

May 20, 1862, entitled an "Act to secure homesteads to actual settlers on the public domain."

$14.00     ——————————————Receiver.

At the October term of the Court, 1873, the plaintiff filed a demurrer to the first paragraph of defendant's answer which was overruled by the Court; whereupon the plaintiff filed his reply to the first paragraph of the answer setting up a claim to the land under an alleged purchase from the State, as swamp and overflowed land.

To which reply the defendant demurred and the demurrer was sustained. The reply and demurrer were alike irregular and not authorized by the law or practice.

We have have had occasion to observe irregularities coming up from more than one Circuit in the State, and we would respectfully recommend to the Courts and Bar where these irregularities prevail, to be a little more observant of the requirements of the code practice.

There being in the answer no allegation of a counter claim or set off, and the cause being at issue upon the filing of the answer, no reply was admissible. If filed, however, it should not have been met by demurrer, but should have been stricken from the files. See Gantt's Digest, section 4,579.

At the February term, 1874, this cause came on for trial and was submitted to a jury, who after hearing the evidence and instructions of the court, rendered the following verdict:

"We the jury find for the defendant and assess the damages at two hundred and fifty-two dollars ($252) for rent for 1873." Whereupon judgment was rendered against the plaintiff for possession of the premises and for said damages.

And afterwards, at the same term of the court, the plaintiff filed his motion for a new trial, which, on consideration was granted by the court, and the judgment rendered in this cause set aside, and the court being of opinion that the defendant's

answer put in issue the title to the land, ordered that the action proceed as an ordinary action at law in the nature of an action of ejectment upon the issues presented in the first and and second paragraphs of the answer, and it was ordered that the defendant retain possession of the premises upon giving bond and sufficient security, etc., and defendant executing the bond required by law, and the same being approved, it was ordered that the possession of the premises be surrendered by the plaintiff.

At the September Term, 1875, the plaintiff filed his motion to disregard the judgment of the court in this cause on the 12th day of February, 1874, and protested against proceeding to trial thereunder, which motion was overruled, and thereupon the plaintiff filed another reply to the defendant's answer, to which defendant demurred, and demurrer overruled.

This was simply a repetition of the irregular and loose practice already commented upon, and the reply like the preceding one ought to have been promptly stricken from the files.

At the May Term, 1876, it was ordered by the court that Frank L. James be appointed to survey the exterior lines of the land in dispute, and that he make report with map, etc. And at the November Term, 1876, it was ordered that the County Surveyor of Mississippi County proceed to and survey the exterior lines of said land, and report his survey with map, etc. Both of which surveys were made and report thereof, with accompanying plats, etc.

At the same term of the court, this cause came on to be tried, and was submitted to a jury who, having heard the evidence and instructions of the court, rendered the following verdict; "We, the members of the jury, find for the plaintiff." Whereupon judgment was rendered in favor of the plaintiff for possession of the land in controversy and against the defendant for the sum of six hundred and twenty-one dollars ($621) for

damages and for costs.   And thereupon the defendant filed his motion for a new trial and assigned the following causes :

*First*—The court erred in permitting the plaintiff to introdnce testimony to show the character of the land.

*Second*—The court erred in permitting a map of the land made by Dr. F. L. James to go as evidence to the jury.

*Third*—The court erred in giving the instructions asked for by the plaintiff.

*Fourth*—The court erred in refusing to give the third and fourth instructions asked for by defendant, and in modifying the first instruction.

*Fifth*—The verdict of the jury is contrary to law.

*Sixth*—The verdict of the jury is contrary to evidence.

*Seventh*—Substantially the same as the two last.

*Eighth*—The judgment of the court is not sustained by the evidence.

*Ninth*—The judgment of the court is not sustained by the verdict of the jury.

*Tenth*—The judgment of the court is not warranted by the pleadings in the cause.

Which motion was overruled by the court, to which defendant excepted and filed his bill of exceptions and took an appeal to this court.

It will be observed that during the progress of this cause, its character was changed from an action of Forcible Entry and Detainer, to an ordinary action at law in the nature of an action of ejectment, and this was proper, because it sufficiently appears from the pleading that a trial of the cause involved a trial of the title to the premises in question.   Gantt's Digest, sec. 2947.

And although the law, under which the change was made, was repealed by the act of March 2d, 1875, this action having been previously commenced, and pending as an action

of ejectment at the time of the passage of the act of 1875, the repealing law did not affect the pending action, or the rights of the parties thereto, but it proceeds to trial as if commenced as an ordinary action of ejectment. In the meantime the relation of the parties is not changed and the trial of the cause should have proceeded as in other cases. But in this remarkable trial the parties, by some sort of legal legerdemain, which we do not profess to comprehend, seem to have changed places and the regular order of proceeding was reversed. The *defendant* introduced his testimony *first*, and the *plaintiff followed*. The court evidently assumed that the burden of proof was on the defendant instead of the plaintiff. This was a gross error ; for the plaintiff was bound, first, to make out his case and the title to the land being in issue, he must recover, if he recover at all, on the strength of his own title, and not on the weakness of the defendant's, and this has been the settled rule for centuries.

Several instructions were asked for by the plaintiff, none of which were given.

The court then instructed the jury for plaintiff against the objections of the defendant, as follows :

*Fifth*—"That ejectment is a possessory action, and may be maintained for possession alone of real estate, provided the right and title to the possession is good and valid ; and that the plaintiff need not be the owner of the land in fee simple."

*Sixth*—"The defendant in this action having, by his answer, put the title of the land in issue, he must recover, if at all, on the strength of his title."

*Eighth*—If the jury believe from the evidence that the greater part of the land in controversy is swamp and overflowed, and that James Stuart, the plaintiff's intestate, entered this land in the proper land office in 1857, from the State of Arkansas, and held a certificate of purchase for the same, that

any subsequent entry made by Cannon by reason of the Homestead Act or otherwise, would confer no title upon him, and the jury will find for the plaintiff.

*Ninth* and *Tenth* relate to the supposed requirements of the homestead law.

The court then instructed the jury on the part of the defendant as follows:

*First*—That under the pleadings in this cause, the jury are to try the question of the legal title and right of possession, and if they find the legal title to the land in defendant at the time of the service of the writ, they will find for defendant.

*Second*—If you find from the testimony, that at the time of the commencement of this suit, the legal title to the land was in the United States, and that the United States have conveyed their title to defendant, you will find for him.

*Third*—That if the jury believe from the testimony, that before the plaintiff brought his suit, the defendant procured the certificate of title, they must find for the defendant.

*Fourth*—That if the jury believe from the testimony that the defendant had the certificate of title from the United States at the time the suit was brought, they must find for the defendant.

The third cause assigned in the motion for a new trial is to the effect " that the court erred in giving the instructions asked for by the plaintiff."

Recurring to these instructions our attention is arrested by the sixth, which is to the effect, " the *defendant* in this action having by his answer put the title of the land in issue, he must recover, if at all, upon the strength of his title."

This instruction reverses the law of the case, and throws the burden of proof on the defendant. It was gross error to so instruct the jury, and this taken in connection with the irregular and unusual manner of conducting the trial, was well cal-

culated to mislead the jury, and is sufficient in itself to warrant a reversal of the judgment.

It is therefore, we think, unnecessary to comment further on other instructions, some of which were proper, and others improper, or to go into, or discuss the merits of the cause as disclosed by the evidence adduced at the trial.

We advert, however, to another error of judgment at the trial:

The ninth cause assigned for a new trial is, "that the judgment of the court is not sustained by the verdict of the jury."

Referring to the record we find that the verdict of the. jury was in the following words: "We, the jury, find a verdict for the plaintiff." Whereupon the court rendered judgment in favor of the plaintiff for possession of the land in controversy, and for the sum of six hundred and twenty-one dollars ($621) for damages and costs. As there is no finding of damages by the verdict of the jury, the judgment for damages is wholly unwarranted, and for that cause, and to that extent the judgment would be reversible.

But as the Circuit Court erred in giving the plaintiff's sixth instruction already adverted to, we are compelled to reverse its judgment, and remand the cause, with instructions to said court to grant the defendant a new trial, and proceed with the cause not inconsistent with this opinion.