[No. 6,339.]

# WATSON v. DAMON.

INSTRUCTIONS.—It is not error for the Court, in its instructions, to as-
sume as true a fact in regard to which there is no conflict in the evidence.
VERDICT.—A verdict for the recovery of money must be certain as to the
amount.

APPEAL from a judgment for plaintiff, and from an order
denying a new trial, in the Third District Court. McKEE, J.

The facts are stated in the opinion.

*E. S. Pillsbury*, for Appellant.

*James H. Smith*, for Respondent.

Department No. 1, MORRISON, C. J.:

The complaint in this case alleges that on the 15th day of
March, 1876, the defendant entered into a verbal contract with
the plaintiff, by the terms of which plaintiff was to furnish
the necessary materials, and to build a dwelling-house for the
defendant on a certain lot in the city of Oakland, according
to a certain plan and specifications: said house to be com-
pleted within sixty days, for the stipulated sum or price of
$2,250 in gold coin. Plaintiff avers performance on his part,
and claims a balance due him of $1,350.

Defendant denies specifically all the material allegations in
the complaint.

Judgment was rendered for the plaintiff; and defendant hav-
ing moved for a new trial, which was refused, takes this ap-
peal from the judgment, and also from the order denying his
motion for the new trial.

The first error relied upon is, that "the instructions of the
Court to the jury were contradictory as to a material issue,
and were calculated to mislead the jury in their deliberations."

Appellant's counsel has failed to direct the attention of the
Court to anything in the instructions which establishes the error
complained of, and on an examination of the instructions we
fail to find any such inconsistency.

The next point is, that "the Court erred in instructing the jury that their verdict should be for a fixed sum, less certain payments, the amount of which was specified by the Court, the jury being the exclusive judges of the facts."

That the facts of the case must be left to the jury, and that the Court cannot interfere with the exclusive prerogative of the jury in passing upon the facts of the case, are familiar principles, well settled by authority in this State; but it will be found on examination of the transcript that there was no conflict in the evidence respecting the cost of the building. The plaintiff testified that it was to cost $2,250; and the defendant, when called as a witness, stated that "he knew the house was to cost $2,250."

In this view of the case, the appellant was not prejudiced by the instruction complained of. ( *Terry* v. *Sickels*, 13 Cal. 427; *Pico et al.* v. *Stevens*, 18 Id. 376; *Tompkins* v. *Mahoney*, 32 Id. 231.)

The last error assigned by appellant is, that "the verdict of the jury is defective, and insufficient to sustain the judgment."

Defendant, in his answer, after denying all the material allegations in the complaint, avers that the plaintiff, on the 17th day of June, 1876, executed and delivered to him, the defendant, his (plaintiff's) promissory note for the sum of $500, as security for a loan of money theretofore made; and on the 1st day of March, 1877, the plaintiff made and delivered another promissory note to defendant, in the sum of $450. The execution of these notes was not denied, but the purpose for which they were given was a matter of contest on the trial; it being claimed by the plaintiff that the sums mentioned in the notes were not loans, but were payments on account of the construction of the building erected by plaintiff on defendant's lot; and we suppose that the jury found that these two sums were payments, and not loans.

The following was the verdict of the jury:

"We, the jury, find for plaintiff for the amount of contract, $2,250, with interest at ten per cent. per annum, from August 1st, 1876, to November 15th, 1877, less the amount of notes of the value of $950, with interest on said notes."

The form of the verdict, in actions of this character, is prescribed by § 626 of the Code of Civil Procedure : " When a verdict is found for the plaintiff in an action for the recovery of money, or for the defendant when a counter-claim for the recovery of money is established, exceeding the amount of the plaintiff's claim as established, *the jury must also find the amount of the recovery.*"

Is the verdict in this case good under the foregoing section ? We are of opinion that it is not, as it fails to find the amount of money due the plaintiff. It is for a certain amount, less $950, with interest, the amount of interest being left indefinite and uncertain : nor is there anything in the pleadings from which the amount of interest can be ascertained.

Judgment and order reversed.

McKinstry, P. J., and Ross, J., concurred.