Wilson v. Means.

FRANK WILSON, *et al.*, v. C. G. MEANS.

1. JUDGMENT, *Properly against Two Defendants.* Where the petition alleges that the plaintiff advanced fifteen hundred dollars to F. and J., the two defendants, to invest in the purchase of hogs to be thereafter sold for the joint profit of plaintiff and defendants, and demands judgment for said sum and one-half of the profits of the investment, and a general verdict for nine hundred dollars is returned for the plaintiff, a judgment may properly be entered thereon against both defendants.

2. INTEREST, *Excluded.* Where the jury find for the plaintiff in the sum of nine hundred dollars, with interest from March 6th, 1879, the interest must be omitted in the rendition of the judgment.

*Error from Cloud District Court.*

ACTION brought by *Means* against *Wilson* and another, to recover for money advanced to be invested in hogs, and for his share of the profits of such investment. Trial at the August Term, 1880, of the district court, and verdict and judgment for the plaintiff. The defendants bring the case here.

*F. W. Sturges,* for plaintiffs in error.

*L. J. Crans, Theo. Laing,* and *Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The verdict of the jury is this case is as follows (court and title omitted):

"We, the jury impanneled and sworn in the above entitled case, do upon our oaths find for plaintiff nine hundred dollars, with interest from March 6, 1879.

"HENRY DECKER, *Foreman.*"

The objection is made that the court could not know from the verdict against whom to render judgment; that under the instructions, the jury ought to have stated in the verdict whether they found against one or both defendants. The objection is not well taken. The verdict is a general finding against both defendants, as much so as if the jury had spe-

cifically named Frank Wilson and Jesse H. Wilson. All the issues between the parties were passed upon, and in view of the pleadings and verdict a judgment might properly be entered.

Exception is also taken to the judgment on the ground that it is for a much larger amount than authorized by the verdict. The point is well taken. The jury failed to compute the interest or to specify any rate of interest in the verdict; therefore the court could not take the interest into consideration in rendering judgment. The case comes clearly within the rule announced in *Educational Association v. Hitchcock*, 4 Kas. 36. Where the interest is not stated in the verdict, the court cannot tell with certainty the rate intended by the jury, and in such cases it would be necessary, in order to determine the interest, to look back to the petition, or some other pleading. Such a procedure is not allowable. If the interest is computed and included by the jury in the verdict (which is the better way), or if the rate of interest is specified, and the date from which and to which the damages are to draw interest, the amount assessed by the jury may be calculated with absolute certainty from the face of the verdict, and the court may include the interest in the judgment. While the statute prescribes that the legal rate of interest is seven per cent. in the absence of any contract, yet parties may contract for any rate of interest, and as high a rate as twelve per cent. Many notes, bonds and other obligations sued on bear interest at rates different from seven per cent. Therefore to omit the rate of interest in a verdict assessing damages, renders any attempted calculation of interest uncertain, and leaves the court with no other alternative than to reject interest in the rendition of the judgment. In the case of *The City of Atchison v. Byrnes*, 22 Kas. 66, the rate of interest was specifically stated; and hence the interest was properly included in the judgment. We do not purpose to extend in any way the rule set forth in *Educational Association v. Hitchcock*, supra, but cases that fall within that decision will be controlled by it. Courts ought not to accept informal or in-

complete verdicts, but ought always to require them to be definite and certain in their terms.

The judgment will be so modified that the amount shall be nine hundred dollars only. The words, "with interest from March 6, 1879," must be omitted. The costs in this court will be divided, and the cause remanded for the judgment to be modified as herein directed.

All the Justices concurring.