THOMPSON & Co. *v.* SHEA.

*(Circuit Court, D. Iowa, C. D.* June 18, 1881.)

1. DAMAGES—PROVINCE OF JURY.

It is the province of the jury to find the amount due, as well as plaintiff's right to recover, and after the jury are discharged the court cannot increase the sum found.

2. NEW TRIAL—DISCRETION OF COURT.

Motions for new trial are addressed to the sound discretion of the court.

On Motion to Set Aside Verdict.

*Parsons & Runnells,* for plaintiffs.

*Phillips, Goode & Phillips,* for defendant.

LOVE, D. J. I have consulted with Mr. Justice Miller about the motion in this case, and we find no warrant in law for increasing the sum found by the jury, and entering judgment for said increased sum. It was a part of the province of the jury to find the amount due, as well as the plaintiff's right to recover. If the jury had brought a verdict for the plaintiff without finding any sum, the court would have directed them to amend their verdict in that regard; and it would have been competent for the plaintiff to have moved the court to require the jury to correct their verdict before they were discharged; but the jury having been discharged, the court cannot increase the sum found. All that the court could do would be to set aside the verdict and order a new trial. Motions for new trials are, in the United States courts, addressed to the sound discretion of the court. The party losing has no absolute right to a new trial. This

cause having been three times tried, and the sum now in dispute being less than $1,000, the court must refuse to exercise its discretion in favor of granting a new trial.

The plaintiff's motion is denied and overruled, and there will be a judgment in accordance with the verdict.