[Argued July 24, 1893; decided October 20, 1893.]

## DUZAN *v.* MESERVE.

[S. C. 34 Pac. Rep. 548.]

1. SALE—PLEADING.—A complaint alleging a sale of plaintiff's right, title, and interest in certain chattels, and a taking possession by defendant, is sufficient without alleging what interest plaintiff owned.

2. STATUTE OF FRAUDS—MEMORANDUM OF SALE—TAKING POSSESSION.—An agreement for the sale of property exceeding fifty dollars in value need not be in writing, where the purchaser takes possession of it.

3. AUTHORITY OF PARTNER—EVIDENCE OF RATIFICATION.—The fact that a firm took possession of property that one of the partnership had pur▸chased tends to show his authority to bind the firm, or, at least, their ratification of his acts.

4. INTEREST—VERDICT.—Failure to fix a rate of interest in a verdict award-ing damages with interest thereon from a given date, does not invalidate it as interest in such case must be computed according to the rate pro-vided by law.

5. REMITTING PART OF VERDICT—INTEREST.—Error allowing interest in a verdict for a longer period than is proper is not reversible error where the excess of interest has been remitted.

Columbia County: THOMAS A. McBRIDE, Judge.

This is an action by L. D. Duzan to recover the sum of five hundred dollars from Lincoln Meserve and others, alleged to be due on the sale of their right, title, and interest in and to certain mill machinery which was then in their possession under a contract of sale with J. M. Arthur & Co. of Portland, Oregon. The cause was tried upon the issues joined by the pleadings, and resulted in a verdict and judgment for the plaintiffs. Affirmed.

*W. B. Dillard*, for Appellants.

*John F. Caples* (*Hartwell Hurley*, and *Greenbury W. Allen* on the brief), for Respondents.

MR. CHIEF JUSTICE LORD delivered the opinion of the court:

1. The first ground of error relied upon is the insufficiency of the facts stated to constitute a cause of action. The complaint alleges in substance, that on the ninth day of November, 1890, the plaintiffs, as partners, sold and delivered to the defendants, as partners, their right, title, and interest in and to certain personal property (describing it), and also the right to use certain buildings, etc., for the agreed consideration of two thousand dollars; that in pursuance of such contract and sale the defendants took possession of said property, and agreed and promised to pay therefor the said sum of two thousand dollars in the manner following, to wit, "To assume and pay a certain indebtedness of said plaintiffs to J. M. Arthur & Co., consisting of a book account and certain promissory notes amounting to the sum of fifteen hundred dollars, and the further sum of five hundred dollars in cash to be paid said' plaintiffs by said defendants within thirty days from and after the said ninth of November, 1890." The objection is that the plaintiffs' right of ownership in the property is undefined, and that the allegation "took possession" does not assist the averment, as the possession taken might be tortious. We do not think either objection is well taken, although the allegations might be more definitely expressed. The allegation is not intended to convey the idea of absolute ownership, but only of the sale and delivery of the plaintiffs' right and interest in the property of which they are in the possession. The property was mill machinery. The plaintiffs allege that they sold and delivered, for the consideration stated, their right and

interest in said property, and that in pursuance of such contract and sale defendants took possession of it. We cannot say that possession taken under such contract and sale is tortious. We think, therefore, the complaint stated a cause of action.

2. Other objections relate to alleged erronerous rulings in the progress of the trial. It is claimed that the court erred in overruling the defendant's objection to the testimony of several witnesses tending to show an oral agreement between the plaintiffs and defendants, on the ground that the price was over fifty dollars, and hence that the statute required such agreement to be in writing. The bill of exceptions shows that the plaintiffs made a contract with J. M. Arthur & Co. by which the plaintiffs agreed to buy from Arthur & Co., and Arthur & Co. agreed to sell to the plaintiffs, the property in question for the sum of fifteen hundred dollars; and that it was delivered to the plaintiffs under such contract, and put into a mill in Columbia County, Oregon, where it was being operated at the time of the sale by plaintiffs to the defendants. It also tends to show that the plaintiffs contracted to sell to the defendants their right and interest in the mill machinery, and also in the buildings, for the sum of five hundred dollars, with the understanding that satisfactory arrangements could be made with Arthur & Co. for the payment of the amount due them. The latter, after being made acquainted with the facts, gave an order of which the following is a copy:—

"Portland, July 25, 1890.
"Messrs. Duzan & Kaiser:

"Gentlemen— For value received the undersigned has this day assigned and transferred to Lincoln Meserve, William Meserve, Joseph Meserve, Hawley E. Meserve, and James Meserve, partners by the name of Meserve Brothers, the right to demand and recover from you the

possession of all the machinery and personal property entrusted to your care by the undersigned by contract entered into between you and the undersigned on the thirteenth day of May, 1890, by the terms of which you were entrusted by the undersigned with the possession and care of said property. You will therefore please deliver the possession of said machinery and personal property to said Meserve Brothers, and oblige.

"Yours respectfully,

"J. M. ARTHUR & CO."

In connection with this order, and executed at the same time, was the following writing:—

"J. M. Arthur & Co., dealers in machinery and supplies.

"PORTLAND, OREGON, July 25, 1890.

"MESSRS. J. M. ARTHUR & CO.:

"GENTLEMEN— We are knowing to and cognizant of the agreement between you and Meserve Brothers. It is satisfactory to us, and we came up for this special purpose, and they have come also for this special purpose.

"Yours respectfully,

"DUZAN & KAISER."

The record discloses that both said papers were executed at the same time, and in the presence of the plaintiff Kaiser and the defendants Lincoln Meserve and William Meserve. In view of these facts and the writings, when the defendants took possession of the property they accepted and received the plaintiffs' right, title, and interest therein, and thus obviated the objection that the agreement was not in writing.

3. Objection is also made to the statement of one of the defendants, while a witness, in regard to the existence of the partnership, and the agreement to pay the plaintiffs five hundred dollars for their right and interest in the

machinery and other property. The record discloses that the negotiations for the purchase of the plaintiffs' interest in the property was conducted by one of the defendants, and that the agreement to sell for the consideration already named was made with him as the representative of Meserve Brothers, in case satisfactory arrangements could be effected with Arthur & Co. The point of the objection is that no authority is shown in such defendant and witness to bind the other defendants as a firm, but whether this was so or not at the time of the alleged contract, their subsequent agreement with Arthur & Co., and its ratification by the plaintiffs, and their taking possession of the property, including the interests of the plaintiffs under such arrangements, tended to show his authority to bind the defendants as a firm, or, at least, to show their ratification of his authority so to do. The other rulings are substantially covered by the principle involved in this objection, and need no further reference.

4. The last assignment of error is that the verdict is uncertain and indefinite. The verdict is as follows: "We, the jury in the above entitled action, find for the plaintiff in the sum of five hundred dollars, with interest thereon since the ninth of November, 1890." Interest allowed by a verdict must be computed according to the rate provided by law, when no rate is specified. A failure therefore to fix a rate in the verdict did not invalidate it.

5. It is claimed, however, that the verdict should have been set aside for the reason that interest should have been allowed only from the ninth of December, 1890. The record discloses that after the defendants filed their motion for a new trial, plaintiffs filed a cross-motion in which they offered to remit the excess of interest, which was allowed, and the excess accordingly deducted. Under these circumstances the judgment will not be reversed on appeal when it appears that the error in the amount allowed by the verdict is inconsiderable and ascertainable.

The judgment must therefore be AFFIRMED.