Argued May 16; affirmed July 2, 1935

# PRINTING INDUSTRY OF PORTLAND *v.* BANKS ET AL.

(46 P. (2d) 596)

*Fletcher Rockwood, Gus Moser,* and *T. B. Handley,*
all of Portland (Philip Chipman, Carey, Hart, Spencer
& McCulloch, Richard Sleight, and F. S. Sever, all of
Portland, on the brief), for appellants.

*C. D. Christensen,* of Portland (Maurice W. Seitz,
of Portland, on the brief), for respondent.

RAND, J. For the third time this case is here
upon an appeal from a verdict and judgment in favor
of plaintiff, the two former appeals having resulted in
reversals. See *Fennell v. Hauser,* 141 Or. 71 (14 P. (2d)
998), and *Fennell v. Hauser,* 145 Or. 351 (27 P. (2d)
685, 28 P. (2d) 245). The change in the title of the
action arises from the fact that Hauser, who was one
of the original defendants, obtained a verdict in his
favor upon the second trial and Ray Fennell, the orig-
inal plaintiff, has died and the present plaintiff to whom
the judgment now appealed from was assigned has been
substituted as party plaintiff. Samuel Powell, who
also was one of the original defendants, has long since
been dismissed from the action. Except as indicated,
the parties to the action are the same now as when the
action was brought.

Upon the first appeal, this court held that the ques-
tion of whether the defendants were individually liable
for the supplies furnished by plaintiff's assignors to

the Norblad for Governor Committee, of which the present defendants were members, was a question for the jury and that the trial court's action in treating it as a question of law was erroneous. That question has again, for a second time, been submitted to the jury and is settled by the present verdict if there was any substantial evidence to support the finding. The sufficiency of the evidence to sustain the finding was raised in the court below by a motion for a directed verdict and the overruling of the motion is assigned as error.

■ In our two former decisions, the essential facts of this case are stated and it is not necessary to repeat them here. It is sufficient to say that the defendants now admit for the purposes of this appeal that Samuel Powell, the paid secretary of the Norblad for Governor Committee, who ordered most of the supplies, had authority to bind these defendants in the purchase of them for use in the Norblad campaign and that, to the extent that such purchases were made by him, these defendants are liable.

This concession is clearly stated in defendants' brief and was repeated orally upon the argument here. But it is contended that the whole evidence affirmatively shows that, while Powell practically made most of said purchases, he did not make all of them and that some of them were made by a Mr. Preble, who was acting as a publicity manager in the campaign. There is no evidence tending to show that Preble had any express authority to bind the defendants in the purchase of supplies and, if his acts were not ratified, the contention is well taken. The evidence, however, tends to show that Powell had been instructed by certain of these defendants to always keep on hand a sufficient supply of the material used in the campaign and that there

were times when the supplies were exhausted and Powell happened to be temporarily absent from the campaign headquarters, and in several instances the orders were given by Preble. The evidence shows that all said supplies so ordered by Preble were delivered to the committee at campaign headquarters and were used and distributed by the committee in Norblad's behalf. The jury, therefore, had the right to infer from the evidence in this case that, when these supplies were delivered to the committee and were distributed by the committee, its acceptance and use of them constituted a ratification upon its part of the purchases made by Preble. We think, therefore, that the motion for directed verdict was properly overruled.

■ The defendants assign error in the giving of the following instruction:

"You are instructed that under the provisions of this law (section 36-2401 of the Corrupt Practices Act) it would have been unlawful and punishable criminally for A. W. Norblad himself to contribute or pay to the expenses of his campaign for nomination as governor (aside from such sum as he might pay to the state for printing his statement and picture in the campaign pamphlet) any sum in excess of a total of $1,125.00. The defendants were bound to take this law into consideration and if, as they or some of them claim, they understood that they were acting merely as his agents in incurring the bills sued for in this action, they must be presumed by you to know that under this law A. W. Norblad could not lawfully incur bills to such an amount as to cover the total of the bills sued for, and that they could not do for him on his behalf and as his agents what it was unlawful for him to do himself.

"The restrictions as to the amount which may be expended for the election of a candidate, concerning which I have just given you an instruction, would not apply to the Norblad for Governor Committee or to the

members of that committee acting for themselves or independently of Mr. Norblad. The defendants could therefore lawfully bind themselvs for any and all of the expenditures which form the basis of this suit.''

There is no contention that the instruction as given did not accurately state the law then in force, but it is claimed that the giving of it was outside of the issues and was prejudicial to the defendants in that it suggested to the jury that if it should fail to find for the plaintiff no one else would be liable. We do not think that this contention is well taken. It was a matter which the jury had a right to consider and in respect to which it was the duty of the court to inform the jury.

■ When the verdict was first returned into court by the jury and before it had been accepted by the court, it read:

''We, the jury, in the above case, being first duly empaneled and sworn to well and truly try the cause, find our verdict in favor of the plaintiff and against the following named defendants: Gus Moser, W. W. Banks, T. B. Handley, Tom Sweeney, in the amount of $——— claimed.''

Thereupon the court instructed the jury to amend its verdict by fixing the amount of the recovery and the jury thereupon struck out the word ''claimed'' and after the dollar mark inserted the figures ''3798.01'', which was the total amount of the claim sued on, and the jury was thereupon discharged. This action by the court is assigned as error.

Clearly, the verdict first sought to be returned into court was informal and insufficient. Our statute, section 2-319, Oregon Code 1930, provides: ''* * * If the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court, or the

jury may be again sent out." The action of the court, therefore, was proper.

After the discharge of the jury and upon June 19, 1934, the court, in entering a judgment on the verdict, gave judgment to the plaintiff for the sum of $3,798.01 "together with interest thereon at the rate of 6 per cent per annum from the 16th day of May, 1930, until paid". There was no mention in the verdict of any allowance or recovery of interest and its inclusion in the judgment is assigned as error, and this presents the principal question in the case.

It will be noted in this connection that the aggregate amount of the assigned claims sued on was $3,798.01 and this was the amount for which the plaintiff had verdict, and that in the complaint was a prayer for interest on each of said claims from said May 16, 1930. It will be further noted that none of these claims were unliquidated and, therefore, in the absence of an agreement to the contrary, all of them carried with them as a matter of law interest from the time they became due: 33 C. J. 210. There was no mention of interest in any instruction given to the jury and there was no request by the plaintiff upon that subject. The court could properly have informed the jury that if they found for the plaintiff they should also include interest in their verdict at the lawful rate which in this state, in the absence of contract, is 6 per cent per annum from the date when the liquidated claim becomes due. Hence, we have in this case all the elements which, in the absence of statute, would entitle the plaintiff to have included in the judgment interest on the principal sum which the jury found to be due and, if the court had power to add interest to the principal sum either by an amendment of the verdict after the discharge of the

jury or by including the item of interest in the judgment, then its action should be sustained.

The question is not new in this state. The first case to which our attention is called is *Duzan v. Meserve,* 24 Or. 523 (34 P. 548). That was an action for the recovery of money and the verdict was for the plaintiff for the sum of $500 with interest thereon since the 9th day of November, 1890. In passing upon the question of whether a failure to fix a rate of interest invalidated the verdict in respect to any allowance of interest, this court said:

"* * * Interest allowed by a verdict must be computed according to the rate provided by law, when no rate is specified. A failure therefore to fix a rate in the verdict did not invalidate it."

 It is well settled that, when the jury by their verdict allow interest without computing it, but it can be ascertained by a mathematical calculation, either from data given in the verdict itself or furnished by the pleadings or other records of the case, the court may make the computation. See note 25 L. R. A., p. 311, and authorities there cited. But in the present case, the verdict did not even mention interest and there was no attempt made to amend it at any time before the jury had been discharged. The question, therefore, is whether the court had authority to include in the judgment rendered any interest on the principal sum as was done in the instant case. This question we think is controlled wholly by statute. Section 2-405, Oregon Code 1930, provides that when a verdict is found for the plaintiff in an action for recovery of money, "the jury shall also assess the amount of recovery", and section 2-1506 provides: "If the trial be by jury, judgment shall be given by the court in conformity with the verdict and

so entered by the clerk within the day on which the verdict is returned."

Black says: "The judgment must follow the verdict, and if the jury have found a verdict for a specified sum of money, the court can not render judgment for any greater amount; if the verdict is wrong, the remedy is by a new trial.": 1 Black on Judgments (2 Ed.), section 142. "And it may also be stated as a general principle that the judgment must conform to the verdict, not only as to the amount, but also as to the measure of relief and as to the parties against whom the finding is made. Moreover the judgment cannot go beyond the verdict in settling the rights of the parties, or admeasuring the recovery, or declaring or foreclosing liens.": op. cit., section 186.

Freeman says: "An allowance of interest in the judgment must be supported by findings or verdict making provision therefor or affording the requisite data for the computation and allowance, except as the statute may itself provide for the inclusion of interest.": 1 Freeman on Judgments, (5th Ed.), section 88.

*Fiore v. Ladd,* 29 Or. 528 (46 P. 144), was an action to recover the sum of $800, being the amount of a certificate of deposit issued to plaintiff by defendant. The form of the verdict submitted to the jury was for $1,070, the principal sum and interest. The jury erased that amount and returned a verdict for $800. The court entered a judgment for $800 plus interest. In holding this to be error, the court said:

"The form of verdict as prepared and submitted to the jury was for one thousand and seventy dollars, the principal sum and interest, but the jury deliberately erased that amount, and of their own motion placed the sum at eight hundred dollars, and rendered their ver-

dict accordingly. This verdict was received and filed without objection, and the jury discharged. It was therefore beyond the power of the court to add to or take from the amount as found by them. It is perhaps within the power of the court to amend a verdict so as to make it conform to the real intention of the jury, but certainly a judge can not, in the exercise of such power, usurp the functions of a jury, or substitute his verdict or judgment for theirs. Our statute provides that when a verdict is found for the plaintiff in an action to recover money 'the jury shall also assess the amount of the recovery': Hill's Code, section 217. Under this section it is not only the province but the duty of a jury to find the amount of the recovery, as well as plaintiff's right to recover, and the findings upon both questions, after the verdict is received and the jury discharged, are binding upon the court, unless the verdict is set aside in some manner provided by law. When, therefore, a verdict has been returned by a jury which expresses their intention, and they have been discharged, the court is powerless to amend it, however erroneous it may be. It must either enter a judgment thereon, or set it aside and grant a new trial: 2 Thomson on Trials, section 2642; 2 Elliott's General Practice, section 947; Watson v. Damon, 54 Cal. 278; Mitchell v. Geisendorff, 44 Ind. 358; Educational Association v. Hitchcock, 4 Kan. 36; Thompson v. Shea, 4 McCrary, 93 (11 Fed. 847); Hallum v. Dickinson, 47 Ark. 120 (14 S. W. 477); Parker v. Railway Company, 93 Mich. 607 (53 N. W. 834); Buck v. Little, 24 Miss. 463. This case affords an illustration of the importance of such a rule. The jury were able to agree on a verdict for eight hundred dollars, probably as a compromise, but it is manifest that they were unwilling to render one which included interest, but by the act of the court in amending the verdict this purpose and intention of the jury has been wholly disregarded, and they have been made unwillingly to agree to a verdict which they in the first instance expressly refused to assent to. What the result of the trial would have been had the court instructed the jury that they must allow interest in case

they found in favor of plaintiff no one can tell, and therefore the verdict as rendered is practically the act of the court.''

It will be noted that the court based its decision in that case upon the statute and that what was said in the last of the language quoted was said solely for the purpose of showing the wisdom of the statutory rule and the necessity for its observance by the courts and not as grounds for its ruling.

In *Hill v. Wilson,* 123 Or. 193 (261 P. 422), which was an action to recover the reasonable value of services rendered, the court added interest to the principal sum although interest was not mentioned in the verdict. This action by the trial court was held to be erroneous. After so holding, the court announced a doctrine enunciated in 27 R. C. L., 890, which could be applicable only in the absence of statute, that:

''The court can add interest to the verdict of a jury only where there is no room or reason to doubt that interest should be allowed on the amount found in the verdict. In case an action is based upon a specific sum and no question is made in the trial about the amount of recovery in case recovery was had and the amount recovered should under the law bear interest, leaving no doubt about plaintiff's right to interest, the court may add interest to the verdict where the jury failed to allow interest. Unless the matter is free from doubt the court is not authorized to add interest to a jury's verdict. We do not believe that the present case is one free from doubt.''

It will be noted that in that decision no reference was made to *Fiore v. Ladd,* nor to the controlling statute, and that what was there said was not necessary for the decision. Under a statute similar to ours, the cases all seem to hold that where interest is not provided for in the verdict the court has no power to include interest on the principal sum in the judgment.

In *Wiruth v. Lashmett,* 85 Neb. 286 (123 N. W. 427), after referring to a statute similar to our own, the court said:

"It seems to be the rule that if an action is founded upon a promissory note or other evidence of indebtedness, if the jury find the amount of the principal debt and it is shown by the verdict that interest is to be computed, the court may, in aid of the verdict, compute the interest and render judgment for the amount due, but in doing so that court can not go outside of the verdict. If in making the computation the court would have to look into the evidence for its basis, it cannot make the computation. In other words, the verdict alone must fix the basis. Fryberger v. Carney, 26 Minn. 84; Bruck v. Mausbury, 102 Pa. St. 35; Fries v. Mack, 33 Ohio St. 52; Cates, Adm'r, v. Nickell, 42 Mo. 169; Poulson v. Collier, 18 Mo. App. 583; Fromme v. Jones, 13 Ia. 474; Watson v. Damon, 54 Cal. 278; and other cases cited in 29 Am. & Eng. Ency. Law (2d Ed.), 1018, note 1; National Cash R. Co. v. Price, 41 Ind. App. 274; Pressed Steel Car Co. v. Steel Car Forge Co., 149 Fed. 182; Wootan v. Partridge, 39 Tex. Civ. App. 346."

In *Parker v. Railway Co.,* 93 Mich. 607, 611 (53 N. W. 834), under a similar statute, the court said:

"There is no warrant for correcting a verdict after the discharge of the jury. Such a practice is open to serious objection and gross abuse. The only remedy in such case is a motion for a new trial."

In *Railway Co. v. Showalter,* 57 Kan. 681 (47 P. 831), the jury returned a verdict for $3,100 and a judgment was entered for the principal sum plus interest. In holding this to be error, the court said:

"On this verdict the court rendered judgment for $4,374, having added $1,274 for interest. This was erroneous. Section 288 of the Code of Civil Procedure provides: 'When, by the verdict, either party is entitled to recover money of the adverse party, the jury, in their verdict, must assess the amount of recovery.' Under

this it has been held that interest must be computed by the jury and included in the verdict (Ed'l Ass'n v. Hitchcock, 4 Kan. 36; Wilson v. Means, 25 id. 83), or, as held in the cases of Citizens' Bank v. Bowen, 25 Kan. 117, and Mills v. Mills, 39 id. 455, such data must be given in the verdict as will enable the court to make the computation from the verdict alone; otherwise, no interest can be included in the judgment.''

In *Hallum v. Dickinson,* 47 Ark. 120 (14 S. W. 477), it was held that after the jury had assessed the amount of the recovery, the court had no power to add interest, citing Mansf. Dig., section 5144; *Taylor, Radford & Co. v. Hathaway,* 29 Ark. 597; *Cannon v. Davies,* 33 Ark. 56.

In conformity with *Fiore v. Ladd,* supra, we hold that, under our statute, in an action for the recovery of money where the verdict contains no reference to interest on the principal sum and the jury has been discharged, the court has no power to render judgment for interest; that the only remedy in such a case is a motion for a new trial, and that the case of *Hill v. Wilson,* supra, in so far as it is in conflict herewith, is hereby overruled. The judgment appealed from will, therefore, be reduced to $3,798.01 with interest from the date of its rendition in the court below, and be affirmed for that amount, and, following the rule announced in *Obermeier v. Mortgage Co.,* 123 Or. 469 (259 P. 1064, 260 P. 1099, 262 P. 261), and authorities there cited, it is hereby ordered that neither party recover costs or disbursements in this court.

CAMPBELL, C. J., and KELLY, J., not sitting.