**KEENER et al. v. TULLY.**

No. 35778.

Supreme Court of Oklahoma.

Nov. 3, 1953.

As Amended Dec. 7, 1953.

Hughey Baker, Tulsa, for plaintiffs in error.

Sanders & McElroy, Tulsa, for defendant in error.

BLACKBIRD, Justice.

This is an action brought by D. P. Tully against E. M. Keener and Jessie Keener and Broken Arrow Federal Savings and Loan Association, a corporation, to recover for material furnished defendants Keener for the purpose of constructing a building located on a certain lot in the town of Broken Arrow, Oklahoma, and for the foreclosure of a materialman's lien.

The case was later dismissed as to defendant Broken Arrow Federal Savings and Loan Association.

Plaintiff in his petition in substance alleges: Defendants are the owners of the lot in question. On or about the 1st day of June, 1951, he entered into a contract with defendants to furnish them certain doors, screens, frames and window units to be used in the construction of the building. He delivered to defendants materials as set out in Exhibit B which is attached to the petition and made a part thereof in the total sum of $772.82; that $600.00 was paid thereon leaving a balance due of $172.82; that he had a materialman's lien against the property for the value of the materials furnished; that he was entitled to a reasonable attorney's fee for foreclosure of the lien and that $150 would be a reasonable fee. He prays judgment against defendants, including attorney's fee, in the sum of $322.-82 and for foreclosure of the materialman's lien.

The petition was later amended by leave of court by interlineation changing the balance due from $172.82 to $152.46.

Defendants in their answer deny under oath the correctness of the account sued on

and by way of counterclaim claim damages against plaintiff in the sum of $250 because of alleged faulty material furnished by plaintiff which they were compelled to repurchase and replace.

It was stipulated in the trial that in the event plaintiff prevailed, the court could fix his attorney's fee in the sum of $150. It was further stipulated that defendants had deposited with the clerk of the court the sum of $350 in lieu of the lien, and that the lien was thereby discharged, and the case should be tried on the issue as to whether defendants were indebted to plaintiff for materials furnished, and, if so, the amount thereof; and that the money deposited with the court clerk should be paid out by him to plaintiff or defendant in such sum or sums as the trial judge might determine.

The case was tried to a jury resulting in a verdict in favor of plaintiff in the sum of $152.46. Judgment was entered on the verdict accordingly, and the court fixed plaintiff's attorney fee at the sum of $150.

Defendants appeal and in their petition in error assign numerous errors but in their brief they discuss but two of these assignments.

It appears from the record that when the jury returned into court to report their verdict, defendants' counsel was not present, but defendants were. Inquiry was made of defendant, E. M. Keener, as to whether he desired the presence of his lawyer upon reception of the verdict, to which he replied he did not think that necessary. The verdict was then delivered in open court to the trial judge. It was in favor of plaintiff but the amount of recovery was left blank. The foreman then stated it was the intention of the jury to return a verdict in favor of plaintiff for the sum of $152.46, the full amount claimed. The judge then handed the verdict to the foreman and directed that the verdict be completed by filling in the amount of recovery, which was accordingly done. The verdict was then handed to the court clerk and was read by him and the jurors indicated that it was their verdict. Defendant was then asked if he wished to poll the jury, to

which he replied he did not think that necessary. The verdict was corrected and completed by the jury in open court and while the jury was in the jury box and in the presence of the court, the court clerk, plaintiff and his attorney, and said defendant.

Defendants' first contention is that the court erred in permitting the jury to complete and correct its verdict in open court; that upon discovery that the verdict was incomplete, the court should have directed it to return to the jury room for further deliberation.

■■ While we think as a general rule, where the jury returns a verdict which is incomplete or ambiguous, the court should direct them to retire to the jury room for further deliberation, we do not think it is essential in all cases that this be required. Our statute, 12 O.S. 1951 § 580, in part provides:

"When the vase is finally submitted to the jury, *they may decide in court* or retire for deliberation. * * *"

Under this provision of the statute we think the court was authorized to permit the jury to complete and correct the verdict in open court.

The Supreme Court of Oregon in Printing Industry of Portland v. Banks, 150 Or. 554, 46 P.2d 596, under the same state of facts here presented and under a statute similar to ours, held the court was authorized to allow the jury to complete and correct its verdict in open court. See, also, Doster v. Warner, 52 Ga. 543.

■ Defendants further contend that the court erred in allowing plaintiff an attorney fee for foreclosure of the lien. They contend that plaintiff did not recover the full amount of his claim filed and was therefore not entitled to the fee.

It is true that Consolidated Cut Stone Co. v. Seidenbach, 181 Okl. 578, 75 P.2d 442, 444, holds:

"Where the owner of a building has discharged a lien filed against his property by depositing with the court clerk the amount of the lien claim and exe-

cuting a bond conditioned to pay attorney's fee, court costs, and interest, as provided by section 10980, O.S.1931, 42 Okl.St.Ann. § 147, such owner is liable for attorney's fee, court costs, and interest only in the event the claimant filing such lien recovers judgment on his claim in the amount for which such claim is filed."

We do not agree, however, that the evidence here shows that plaintiff did not recover the full amount for which his claim was filed. Defendants' contention in this respect is based on the following circumstances: Plaintiff in his lien statement itemized the various items of material furnished, and, opposite each item, set out the charge made for such item of material. In adding the figures he made a mistake of $20.30 and computed the total price of the material furnished as "$722.28". During the progress of the trial, his attorney added the separate items on an adding machine and discovered that the total amount came to only $752.46, instead of $772.82, as added by plaintiff. The evidence shows that the defendant paid $600 on the account, leaving a balance due of $152.46 instead of $172.82. Plaintiff then, by leave of court, amended his petition by alleging the balance due to be $152.46, for which amount the jury awarded him a verdict. Defendants do not contend that the purchase price charged for each item of material furnished them as set out in the lien statement, when properly added, totalled the sum of $722.28, nor do they contend that the addition later made was incorrect, nor do they contend that the true balance due was not $152.46 as pleaded by plaintiff in his amended petition. They simply say that since plaintiff, in his original petition, claimed a balance due of $172.28, caused by the erroneous addition of the figures, he did not receive the full amount for which his claim was filed, and was therefore not entitled to an attorney fee. There is no merit in this contention. The true amount of plaintiff's claim was the aggregate of the charges made for each separate item of material properly computed, rather than the incorrect total arrived at by plaintiff's faulty computation. It follows therefore that defendants' con-

tention that plaintiff did not recover the full amount for which his claim was filed cannot be sustained.

The judgment is affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, O'NEAL and WILLIAMS, JJ., concur.