# WATKINS v. MASON.

HUSBAND AND WIFE—WHEN WIFE LIABLE FOR GOODS FOR FAMILY USE.—By section 10 of the act of October 21, 1878, entitled "An act defining the rights and fixing the liabilities of married women, and the relation between husband and wife," a wife is liable for goods for family use used in the family, although sold to the husband on his individual credit. 41 Iowa, 588.

APPEAL from Multnomah County. The facts are stated in the opinion.

*J. G. Chapman*, for appellant.

*O. P. Mason*, for respondents.

By the Court, WALDO, J:

The respondents, O. P. Mason and Mary Mason, his wife, were sued jointly before a justice of the peace for meats furnished their household, in the city of Portland, beeween February 1, 1879, and July 30, 1880. The action against Mary Mason was founded on the act of October 21, 1878. The respondents appealed from a judgment against them to the circuit court, where a demurrer to the complaint by Mary Mason was sustained. The case against O. P. Mason

was referred to a referee to report the facts. The referee found that there was an open mutual account between the plaintiff and O. P. Mason, beginning December 1, 1874, and ending July 30, 1880. That all of said meats were furnished O. P. Mason at his request. That plaintiff had brought an action against O. P. Mason, severally, for the meats furnished up to February 1, 1879, and an action against O. P. and Mary Mason, jointly, for meats furnished from February 1, 1879, to July 30, 1880. On these facts the court found, as a conclusion of law, that the claim against O. P. Mason could not be divided into two actions, and that the recovery in the first was a bar to this action.

In this court a motion was filed to dismiss the appeal as to Mary Mason because not taken within· six months from the judgment on the demurrer, although within six months from the determination of the case as to O. P. Mason.

The cases hold, however, that an appeal lies only when the controversy as to all the parties to the action has been finally determined. (*Peck* v. *Vandenberg,* 30 Cal., 11; *Chittenden* v. *Missionary Society,* 8 How. Pr., 328; *Martin* v. *Crow,* 28 Tex., 618; *Simpson* v. *Bennett,* 241 Tex., citing Freeman on Judgments, secs. 28, 34; *Wills* v. *The State,* 4 Tex. App., 616.)

It is next urged that Mary Mason is not liable to the appellant because there is nothing to charge her except that she is the wife of O. P. Mason, and that the meats were used in their household. Section 10 of the act of October 21, 1878, laws of 1878, 94, provides: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." This section is identical with section 2214, code of Iowa, 1873. It has been held in that state upon that

section that the wife may be compelled to pay for goods sold for family use and used in the family, although sold to the husband on his individual credit. *Smedley* v. *Felt*, 41 Iowa, 588; S. C., 43 Iowa, 607; See also *Jones* v. *Glass*, 48 *Id.*, 345; *Sherman* v. *King*, 51 *Id.*, 182; *Fitzgerald* v. *McCarty*, 55 *Id.*, 702.

If, by the law of these cases, the meat sold by the appellant to O. P. Mason for family use was used in the family, then Mary Mason, the wife, is liable. The cases of *Wilson* v. *Herbert*, 12 Vroom., 484, and *Way* v. *Peck*, 47 Conn., 23, cited by respondents, are not in point. It follows that when the act of 1878 went into effect, Mary Mason became jointly and severally liable for the meat used in the family after that time. Two actions, therefore, would lie—one against O. P. Mason alone, and the other against Mary Mason alone, or Mary Mason and O. P. Mason jointly. Had the demand otherwise been indivisible, the law had severed it into two causes of action. Had the second action been against O. P. Mason, severally, there is high authority to have sustained it. See *Badger* v. *Titcomb*, 15 Pick., 409, 415; *Sear* v. *Sturgis*, 16 N. Y., 555. Other questions in the case are substantially involved in those determined. Judgment reversed and a new trial ordered.

Judgment reversed.