[Filed April 19, 1887.]

JAMES H. FISK, Appellant, *v.* D. V. B. HENARIE ET AL., Respondents.

New Trial.—Appeal from Order Granting.—An order of a trial court granting a new trial is not appealable. There is no final judgment, and therefore no appeal.

MOTION FOR NEW TRIAL AND FOR JUDGMENT, NOTWITHSTANDING THE VERDICT—EFFECT OF.—When the defendant filed a motion for a new trial and a motion for judgment *non obstante verdicto* at the same time, which latter motion is allowed by the court, and final judgment rendered for the defendant, which judgment was reversed on appeal; *held*, that the motion for a new trial had not thereby been disposed of; that it was not waived, and the trial court might in its discretion allow such motion after the reversal of the judgment given, notwithstanding the verdict.

APPEAL from Multnomah County.

*Williams, Ach & Wood*, for Appellant.

*James K. Kelly*, for Respondents.

STRAHAN, J.—This is an appeal from an order of the Circuit Court of Multnomah County granting a new trial, and also from the order of said court, overruling appellant's motion for judgment on the verdict.

It is the third appeal in this cause. The ruling of this court on the first appeal is reported in 13 Or. 156; on the second appeal in 13 Pac. Rep. 193, to which reference is made for a fuller statement of the facts.

On the present appeal, two questions have been argued, and are presented for our consideration: 1st, Whether or not an appeal will lie to this from an order of the lower court, granting a new trial; and 2d, whether the defendants' motion for a new trial was pending before said court at the time the same was allowed. These questions I will now consider in the order stated. The right to an appeal depends entirely upon the statute. If the statute does not confer it, it does not exist. (*In re Goldsmith*, 12 Or. 414; *Kearney* v. *Snodgrass*, 12 Or. 311; *Town of La Fayette* v. *Clark*, 9 Or. 225.)

*Order granting a new trial not appealable.* The appellant relies upon section 525 of the Civil Code, which is as follows: "A judgment or decree may be reviewed as prescribed in this title, and not otherwise. An order affecting a substantial right, and which in effect determines the action or suit so as to prevent a judgment or decree therein, or a final order affecting a substantial right, and made in a proceeding, after judgment or

decree, for the purpose of being reviewed, shall be deemed a judgment or decree."

It is claimed on the part of the appellant that the order of the court, granting a new trial and setting aside the verdict, is an order affecting a substantial right, and which in effect determines the action or suit, so as to prevent a judgment or decree therein.

It was held by this court in *Kearney* v. *Snodgrass*, 12 Or. 311, "that an order granting a new trial does not affect a substantial right"; nor do I think it is one which in effect determines the action or suit, so as to prevent a judgment or decree therein. The action is still pending and undetermined in the court below. The plaintiff, if he saw proper, might bring the same on for trial there, and recover such sum as might be awarded him upon the trial.

This statement of the case seems sufficient to show that the order in question has not determined the action so as to prevent a judgment therein. This construction is in accordance with that given a similar statute in *Artman* v. *West Point Manuf. Co.* 16 Neb. 572. The court there said: "By the terms of the statutes above quoted, the order sought to be reviewed must not only be an order affecting a substantial right, but it must be one which in effect terminates the action and prevents a judgment. The order in question does not do this. By this statute there are two classes of orders which may be reviewed by this court. One is where the order affects a substantial right in an action, and in effect determines the action, and the other is an order affecting a substantial right in a special proceeding. . . . . . It is quite clear that an order granting a new trial during the term in which the verdict of a jury is returned cannot be said to belong to the second class of orders mentioned in the section above quoted, and it is equally obvious that it must be classed with the first. If that be true, we fail to see how it can be treated as a final order, or one which determines the action. A final order is one which disposes of the cause either by sending it out of the court before a hearing is had on the merits, or after a hearing on the merits, either granting or refusing the relief demanded by the

plaintiff." (Freeman on Judgments, §§ 29, 30, 36.) So in *Conrad* v. *Runnels*, 23 Ohio St. 601, the principle is thus stated: "A motion for a new trial is addressed to the sound discretion of the court; and although it is well-settled law that error will lie in a proper case where a new trial has been *refused*, we know of no case in which it has been held to lie, where a new trial has been allowed and had, and wherein the court had power to grant a new trial, and its order granting such new trial is not made ground of error by statutory provision. So in a case where a motion for a new trial is made after judgment, a party cannot appeal from such judgment while the motion is still pending and undetermined. In such case the judgment is not final." (*Kinney* v. *South and North Alabama R. R. Co.* 73 Ala. 536.) So, also, in *State* v. *Perry*, 4 Baxt. 438, under a statute which expressly authorized the Supreme Court to grant new trials, or to correct any error of the Circuit Court in granting or refusing the same. It was held that this power could only be exercised on an appeal from a final judgment in the cause, and the same construction was adhered to in *King* v. *Miller*, 8 Baxt. 382. In this case the court says: "The statute does not mean to give appeals from the action of a court simply granting a new trial, nor to change the long-established rule that appeals to this court can only be had from final judgments. This being an attempt to so appeal, the case is not before us, and we can take no jurisdiction of it. And in Kansas, an order of a District Court setting aside a judgment is not an appealable order. Such an order leaves the cause still pending in the lower court, and is not final. (*McCulloch* v. *Dodge*, 8 Kan. 476; *Kermeyer* v. *Kansas Pacific R. R. Co.* 18 Kan. 215.) So, also, in Florida, an order of the trial court granting a new trial is not appealable, though the action of the court in granting or refusing a new trial may be reviewed upon an appeal from the final judgment. (*Staples* v. *Hartridge*, 8 Fla. 426; *Dawkins* v. *Carroll*, 5 Fla. 407.) The same principle is, in effect, announced by this court in *Kearney* v. *Snodgrass, supra*. And these principles seem to be elementary.

In Freeman on Judgments, section 34, it is said: "The general

rule recognized by the courts of the United States, and by the courts of most, if not all of the States, is that no judgment or decree will be regarded as final within the meaning of the statutes in reference to appeals, unless all the issues of law and fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it."

The respondents submitted a motion to dismiss the appeal in this cause, which was argued and submitted by direction of the court in connection with the other questions presented for our consideration. I think, therefore, that the motion to dismiss the appeal ought to be sustained.

*A motion for a new trial not waived by motion for judgment non obstante.* But this would leave undetermined the main question involved and presented on the appeal, and that is, whether or not, as a matter of law, the defendants' motion for a new trial was pending in the court below on the eighteenth day of December, 1886. It is conceded that if said motion was then pending before that court, whatever ruling the court made thereon is not reviewable on this appeal, for the reason it was a matter resting on the sound discretion of the trial court.

I therefore think proper to indicate the conclusions I have reached on that subject. A brief reference to the facts is necessary to a proper understanding of this question. The verdict was rendered on the twenty-first day of May, 1886; the defendants' motion to set it aside and grant a new trial was duly filed on the twenty-second day of May, 1886; on the same day the defendants also filed a motion for judgment *non obstante verdicto.* On the first day of June, 1886, the plaintiff filed a motion for judgment on the verdict. On the twenty-sixth day of May, 1886, it appears from the record that upon the agreement of counsel for the plaintiff and defendants respectively, made in open court, it was ordered that the motions for a new trial, and for judgment for defendants, notwithstanding the verdict, and the plaintiff's motion for judgment on the verdict, be and they were set for hearing on Tuesday, the first day of June, 1886, at nine o'clock A. M., and if the court shall not then be in session, shall be heard on Wednesday, the second day of June, 1886, at the

same hour. It further appears that on the second day of June, 1886, said cause came on for hearing upon motion for a new trial, motion for judgment on the verdict, and motion for judgment notwithstanding the verdict, and after hearing said motions and the arguments of counsel thereon, the court not being fully advised in the premises, took the same under advisement.

On the thirtieth day of June, 1886, the court made an order allowing the defendants' motion for judgment notwithstanding the verdict, and thereupon entered a final judgment in favor of the defendants, for their costs and disbursements, taxed at $292.98. The record is entirely silent as to what disposition was made of the plaintiff's motion for judgment on the verdict, and the defendants' motion for a new trial.

From this judgment the plaintiff appealed to this court, and at the last term thereof, the same was reversed and the cause remanded for further proceedings in the court below. (13 Pac. Rep. 193.) On the twelfth day of November, 1886, the mandate from this court was duly filed in the court below, and on the twenty-ninth day of November, 1886, said cause came on to be heard on the plaintiff's motion for judgment on the verdict, which motion was opposed by the defendants' counsel, on the ground that the defendants' motion for a new trial was still pending and undisposed of, and asked that the same be heard and determined, to which counsel for the plaintiff objected for the reason: 1st, That said motion for a new trial has been determined by the court; 2d, that said motion had been waived by the defendants; 3d, that said motion had been withdrawn within the meaning of the statute governing motions for new trials; 4th, that the time for presenting a motion for a new trial had expired; and 5th, that the court had no power or jurisdiction to hear or determine the said motion for a new trial.

Upon these objections the court reversed its decision and heard counsel for the respective parties, and thereafter, on the eighteenth day of December, 1886, overruled each of said objections. The court also at the same time overruled the plaintiff's motion for judgment on the verdict, and allowed the defendants' motion to set said verdict aside, and granted a new trial, to each of which

rulings of the court the plaintiff duly excepted. Section 232 of the Civil Code defines the causes for which a new trial may be granted, and section 233 regulates the time within which a motion therefor must be filed, and is as follows:—

"Section 233. A motion for a new trial, with the affidavits, if any, in support thereof, shall be filed within one day after giving the verdict or other determination sought to be set aside. When the adverse party is entitled to oppose the motion by counter-affidavits, he shall file the same within one day after the filing of the motion. The motion shall be heard and determined during the term, unless the court continue the same for advisement or want of time to hear it. When not so heard and determined, or continued, it shall be deemed withdrawn, and may be disregarded."

Section 262 of the Civil Code prescribes the time within which judgment shall be entered, and is as follows:—

"Section 262. When judgment is given in any of the cases mentioned in sections 260 and 261, unless otherwise ordered by the court, it shall be entered by the clerk within the day it is given, except that, as in this section hereafter provided, when a trial by this court has been had, judgment shall be entered by the clerk, in conformity with the decision, within two days from the time the same is filed; or if the trial be by jury, judgment shall be given by the court in conformity therewith, and entered by the clerk within two days from the time the verdict has been received, and in either case, within the term at which such judgment is given: 1st, When the court is in doubt what judgment ought to be given, it may order the question to be reserved for further argument or consideration; the entry of judgment shall be delayed until judgment be given; 2d, when within the time allowed to file a motion for a new trial, either party shall file a motion for a particular judgment, or for a judgment, notwithstanding the verdict or decision; or, 3d, when the motion for a new trial is filed within the time prescribed, the entry of judgment shall be thereby delayed."

The question presented for our consideration is one of practice, depending entirely upon the construction of our own Code

of Procedure. On such a question it is difficult to find precedent which shall be controlling; and we must therefore adopt such construction as is plainly in harmony with the legislative intent, and such as shall be convenient to the parties presenting their causes, and for the courts in considering and determining the same.

The defendants' motion for a new trial, and for judgment notwithstanding the verdict, were made at the same time, were argued together without objection, and both were taken under advisement by the court by the same order.

The defendants after that had no further duty to perform to preserve their rights. Their cause was fully submitted to the court, and if thereafter any error was committed, it was the error of the court and not the defendants. It has been argued that by sustaining the defendants' motion for judgment, both the motion for a new trial and for judgment on the verdict were necessarily overruled by implication. If this position were conceded, it would also follow that when that judgment was reversed for error, all of the consequences which necessarily followed its rendition were also cut off and defeated, and the effect of the reversal would be to re-instate the record just as it was before the error was committed. Under the peculiar circumstances of this case, I do not think we ought to hold that the defendants' motion for a new trial was either waved or withdrawn. The court did continue the motion for advisement, and at the end of the term made an order continuing over until the next term all matters that were undisposed of. (*Gomer* v. *Chaffee,* 5 Colo. 383; Wade on Notices, § 1202.) Further, under subdivision 3 of section 262, *supra,* the entry of judgment was delayed, by the filing of the motion for a new trial *until the motion is disposed of.* It is very doubtful whether or not the trial court has the power to render a judgment in any case, while a motion for a new trial is pending and undisposed of. The plain duty of the court was first to dispose of the motion for a new trial, and then the record would be clear for the entry of such other order or judgment as might be proper. It is evident, from the entire record, that the action of the court

below was irregular and erroneous, and under such circumstances we ought not to enforce a rigid, technical rule, if proper under different circumstances, which would be conclusive upon the defendants, and deprive them of all remedy. Such a course of procedure would inflict the entire consequences of the erroneous action of the court upon the respondents. This, I think, would be improper. Error was committed, and it seems to me, as far as possible, the parties ought to be re-instated in the cause just as they were at the time the error was committed. No one ought to suffer by an error of the court. Upon the argument it was urged with much force that the defendants' motion for judgment, notwithstanding the verdict, and for a new trial, were inconsistent with each other; that the former motion necessarily assumed and conceded that the verdict was right, but that the complaint was insufficient. No case precisely in point was cited to support this contention, but we were referred to certain principles of common-law practice, which were claimed to apply by analogy. But I do not think the objection can be sustained. If the rule of the common law were as contended for by counsel, it referred to a mere matter of form and not of substance, which is entirely inapplicable to our system of practice under the Code. *Jewell* v. *Blandford*, 7 Dana, 472, expresses our views upon this subject: "If it be true that a motion in arrest is an implied waiver of a right to a new trial, should not a motion for a new trial equally operate as an implied admission that there is no cause for arresting the judgment? And, considered as an original question, is there, *should there be*, any such implied admission in either case? We think not. Indeed in England this is a mere matter of *practice* only, and arose in England, from the peculiar organization and powers of its courts. There is no *principle* in it. Our practice is different, and is, therefore, in our opinion, more consonant with justice and all the ends of the law. We do not hesitate, therefore, to decide that the motion for a new trial did not come too late in this case, and the more especially as by not objecting to it when made. The plaintiff in the action waived the technical objection which the British practice, if it had been adopted here, might have author-

ized him *then only to make.*" The like practice was observed in
*Bartholomew* v. *Clark,* 1 Conn. 472; *Pope* v. *Latham,* 1 Ark.
66, although the question does not seem to have been distinctly
raised, but I think it must be inferred from that case that the
only reason why it was not insisted upon was that the position
was regarded as unsound. The amount of the verdict in this
case is sixty thousand dollars. While it is true that the abso-
lute rights of parties do not in any way depend on the amount
in controversy, still, when the amount is so large we ought to
proceed with the utmost caution in reaching a conclusion. An
error or mistake against the defendants in the present condition
of this case would be without remedy, while on the contrary, an
erroneous ruling against the plaintiff on either of the questions
presented is not without remedy. The cause will still be pend-
ing in the court below for trial, and, it is to be presumed upon
another trial in that court, justice will be fully and completely
administered. If the plaintiff has a good and valid claim
against the defendants, no doubt he will prevail upon another
trial. On the contrary, if his claim is without merit, he will
no doubt fail, and in either case, the ends of justice between these
parties will be accomplished.

Let an order be entered dismissing the appeal.

LORD, C. J., and THAYER, J., concurred in the ruling on the
motion to dismiss the appeal.