Argued November 28; modified December 5, 1933; petition for rehearing denied January 2, 1934

FENNELL *v.* HAUSER ET AL.

(27 P. (2d) 685, 28 P. (2d) 245)

*Fletcher Rockwood,* of Portland (Philip Chipman and Carey, Hart, Spencer & McCulloch, all of Portland, on the brief), for appellants.

  *C. D. Christensen,* of Portland (Maurice W. Seitz, of Portland, on the brief), for respondent.

BAILEY, J.  This action was brought by the plaintiff against the defendants Kenneth Hauser, W. W. Banks, Gus. C. Moser, T. B. Handley and Tom Sweeney upon 18 assigned claims for the purchase price of certain merchandise alleged to have been furnished to the defendants by 18 different corporations and individuals.  The total amount of the claims so assigned was $3,798.01.  It was admitted by all the defendants that the plaintiff was by assignment the owner of these various claims; that the merchandise described in the 18 causes of action was of the reasonable value set forth in the several causes of action; and that these claims have not been paid.

The complaint alleges that the Honorable A. W. Norblad, prior to May 16, 1930, was an active candidate for nomination as governor of the state of Ore-

gon; that the defendants interested themselves in the promotion of his nomination and sometime prior to that date, for the purpose of assisting and promoting the nomination of Mr. Norblad, constituted themselves a committee and became associated together for the purpose of obtaining said nomination and assumed and adopted the name of "Norblad for Governor Committee"; and that under such assumed name they incurred the obligation represented by these 18 assigned claims. For a more detailed statement of the allegations of the various pleadings, see *Fennell v. Hauser,* 141 Or. 71 (14 P. (2d) 998).

The action was tried before and submitted to a jury, which returned verdicts in favor of the defendant Hauser and in favor of the plaintiff and against the other defendants as follows: against W. W. Banks in the sum of $600; against Gus C. Moser in the sum of $600; against Handley in the sum of $349.50; and against Sweeney in the sum of $349.50. The aggregate of the several verdicts was one-half of the total of all claims. Judgment was entered for the defendant Hauser and in favor of the plaintiff and against the other four defendants for the respective amounts set forth in the verdicts, and further provided as follows:

"It is further ordered that each of the above sums constitute a separate and distinct judgment against each of the above named defendants and in the amounts set opposite their respective names and that separate executions issue therefor."

Thereafter and within the time allowed by law the plaintiff filed a motion for a new trial, on the following grounds: (1) irregularity in the proceedings of the court and the jury by which the plaintiff was prevented from having a fair trial; (2) misconduct of the jury;

(3) insufficiency of the evidence to justify the verdicts, and that the verdicts are contrary to the evidence and against the law; and (4) error at law occurring at the trial and excepted to by the plaintiff.

The grounds assigned by plaintiff for a new trial are accompanied by a memorandum in which it is set forth that there was no evidence to justify separate findings and verdicts in the forms and in the amounts determined by the jury and against the several defendants; that the verdicts are too indefinite and uncertain in their meaning to be the foundation of a final judgment; that said verdicts are rendered for amounts not corresponding to the amounts of any of the claims sued on or any possible combination of said claims; that no joint verdict was found; that the court refused to instruct the jury as requested by the plaintiff; that the uncontradicted evidence and the pleadings in the case established the liability of the defendant Hauser; and that it was impossible for a proper verdict to be rendered against the other defendants and in favor of the defendant Hauser.

A separate motion for a new trial was filed by the defendant Moser, in which many reasons are assigned, among them that the jury could not legally render a verdict exonerating the defendant Hauser and at the same time find verdicts against the other defendants. A further motion was filed by the defendants Handley and Sweeney jointly, for a new trial, but it is not necessary to the decision in this case to refer in detail to the grounds assigned by them.

After hearing these various motions the court granted a new trial to plaintiff against all the defendants, from which order the defendants Hauser and Banks prosecute separate appeals.

On the former appeal this court held that, "a member of a voluntary association, not organized for profit, is not bound by any obligation incurred by or on behalf of the association without his assent or subsequent ratification"; that if he expressly or impliedly authorizes or ratifies the transaction in which the debt is incurred, he is liable as a principal; and that in case members are liable, their liability is joint and several.

The plaintiff seeks a recovery against all of the five defendants for the total of the 18 assigned claims mentioned in his complaint, on the alleged ground that they were all members of a voluntary association, not organized for profit, to promote the candidacy of Mr. Norblad, and that these defendants as members of such association either expressly or impliedly authorized the transactions in which these debts were incurred, or subsequently ratified such transactions.

■ The trial judge properly submitted to the jury the question of whether or not there was such an association and whether or not the defendants or any of them were members of the association. In conformity with our holding on the former appeal in this case the court further instructed the jury relative to the liability of members of such an association.

The circuit court instructed the jury in part as follows:

"The liability of defendants in a case of this character is not joint, but joint and several. Hence it is not necessary that all the defendants are held liable, in order to hold some of them. If you find that any of the defendants assented to the ordering of the goods, or ratified such orders, while others did not, it would be your duty to find against said defendants, regardless of the fact that other defendants may not be liable.

"You will have with you four forms of verdicts.
\* \* \*

"The next form of verdict reads: 'We, the jury in the above entitled case, * * * find our verdict in favor of the plaintiff and against the following defendants, and in the amounts set opposite their respective names.' And then follow five blanks in which names of the defendants against whom you find can be inserted, together with blank spaces with dollar-marks in which can be inserted the amount that you find against each of such defendants. Now, this is the form of verdict to be used by you in case you find for the plaintiff against some but not all of the defendants. In this form of verdict you should write in the names of such defendants as you find against, and right opposite the name of each defendant whom you find against the amount for which you find he is liable."

In passing upon the motion for a new trial the circuit court held that the case was erroneously submitted to the jury under an instruction which permitted the jury to find in different amounts against different defendants. Based upon what the court thus asserted was error in submitting the case to the jury and upon the fact that the jury returned a verdict in favor of the defendant Hauser and against the other four defendants, the trial judge entered the order granting a new trial.

The appellants assert that the trial court did not err in thus submitting the individual liability of the defendants to the jury, and that the verdict returned by the jury in respect to the four defendants against whom it found was in proper form. On the other hand, the respondent Fennell contends that such a verdict is improper. Neither the appellants nor the respondent Fennell cite any authority in support of their contentions. If we were to uphold the procedure adopted on the trial of this case, the jury in similar instances might then properly return an endless number of dis-

tinct verdicts, against the defendants singly and in combination. It might return a verdict against all the defendants for a certain amount, against each defendant for another amount, and against any and all combinations of four, three or two defendants, depending upon the action of the individuals or combinations of defendants in assenting to or ratifying the various transactions in which the numerous items of indebtedness were incurred.

■ In passing upon the motions for a new trial, the learned trial judge concisely and correctly stated the law on this aspect of the case as follows:

"As stated in 7 A. L. R., p. 222, the members of a voluntary association, not organized for profit, are jointly and severally liable as principals on contracts purporting to have been made by, for, or in the name of the association, when they have given their assent or their subsequent ratification thereto. Being jointly and severally liable, any one or more of them could be held in an action such as this one, but different defendants can not be held liable in different amounts. The fact that there were a number of different contracts with separate individuals and firms who assigned their claims to the plaintiff, can not have the effect of changing the rule, since the action is brought on the theory that all the defendants joined in authority given to an agent to enter into all such contracts. If the jury believed from the evidence that there were any contracts assented to or ratified by some defendants, and not by others, while other contracts were authorized by all the defendants, the plaintiff could have a verdict only as to those contracts in which all the defendants joined. Of course, it was competent for the jury to find against some defendants and in favor of others, if the evidence warranted."

See also, in this connection, *Anderson v. Fruitvale Transportation Co.*, 195 Mich. 734 (162 N. W. 273).

The trial court erred in instructing the jury that it might return a verdict in favor of the plaintiff and against the several defendants for different amounts, and although the plaintiff apparently did not except to the giving of this instruction, the court *sua sponte* had authority to correct the error which it had committed, by granting a new trial: *Timmins v. Hale,* 122 Or. 24 (256 P. 770), and authorities therein cited; *Cicrich v. State Industrial Accident Commission,* 143 Or. 627 (23 P. (2d) 534).

In view of the order of the circuit court granting a new trial, this court in *Cicrich v. State Industrial Accident Commission,* supra, after pointing out that such an order did not end the case and that it required a clearer case or much stronger showing to authorize reversal of the order than to reverse an order overruling a motion therefor, said:

"The preponderance of authority is that such an order will not be disturbed by an appellate court if the record discloses any tenable ground in support thereof, although such ground may not be recited in the order or although the order affirmatively recites a different ground. To warrant a reversal it should appear that there has been a gross or manifest abuse in the exercise of discretion by the trial court, a misapplication of law or a disregard of some legal right of the party or unless the uncontradicted evidence all points to but one rational conclusion of fact which is found by the verdict of the jury. If the record discloses no statutory ground or sufficient reason for a new trial the order should be reversed." Citing numerous Oregon precedents.

The one question remaining to be decided is whether or not the circuit court erred in granting a new trial as to the defendant Hauser, in whose favor a separate verdict had been returned. That part of the

instruction hereinbefore quoted relative to the jury's finding in favor of the plaintiff and against the several defendants for different amounts could not in any way, so far as the record discloses, have affected the jury's determination as to the liability of the defendant Hauser. The question of whether or not the defendants, or any of them, were liable was properly submitted to the jury, and under the court's instruction the jury could have found in favor of the plaintiff and against all or any number of the defendants.

The trial court held that the jury acted arbitrarily in finding in favor of the defendant Hauser and at the same time returning a verdict in favor of the plaintiff and against the other four defendants. Since there was sufficient evidence in the case to support a verdict in favor of all the defendants, and since each defendant gave his own version of what had occurred, the jury was warranted in believing the testimony of some of the defendants and not looking with so much favor on that of other defendants.

If we were to follow the reasoning of the trial court, we should inevitably come to the conclusion that the trial court should have instructed the jury either that it could not return a verdict against the other four defendants unless it found also against defendant Hauser, or that if it found in favor of the defendant Hauser it must also find in favor of the other defendants. Such an instruction, in view of the pleadings and evidence in this case, would manifestly be erroneous.

In *Hise v. City of North Bend,* 138 Or. 150 (6 P. (2d) 30), the plaintiff brought an action for damages against the city of North Bend and its councilmen. Upon the trial of the case the jury returned a verdict in favor of the councilmen and against the defendant

city, and it was urged by the city that since the verdict was in favor of the councilmen the city must be discharged from liability. In discussing that contention, this court said:

"Where a principal is liable for the tortious negligence of his agent, the latter is both jointly and severally liable with him: Shearman & Redfield on Negligence (6th Ed.), section 122. Since the liability is a joint and several one, it would be as proper to conclude that a verdict against the city demanded a judgment against both principal and agent as to conclude that a verdict against the principal, but in favor of the agent, demanded a judgment favorable to both. It has been held in situations analogous to the present one, that is, where an action of negligence was instituted against a principal and agent, with a verdict against the one but favorable to the other, that a judgment entered upon the verdict must be sustained."

In the case of *Dunn v. United States*, 284 U. S. 390 (76 L. E. 356, 52 S. Ct. 189, 80 A. L. R. 161), the defendant was indicted on three counts, to-wit: (1) for maintaining a common nuisance by keeping for sale at a specified place intoxicating liquors; (2) for unlawful possession of intoxicating liquors; and (3) for the unlawful sale of such liquors. The jury acquitted him on the second and third counts and found him guilty on the first. It was contended by defendant's counsel that the verdict on the second and third counts was inconsistent with that on the first and that therefore the defendant was entitled to be discharged. In disposing of this matter, the court said: "That the verdict may have been the result of compromise, or of mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such matters."

In the case at bar there were no special findings submitted to the jury and therefore the precedents

holding that a judgment entered on a general verdict which is inconsistent with special findings should be set aside are not applicable here. Nor is there anything appearing on the face of the verdict in favor of the defendant Hauser to indicate that it is inconsistent with the verdicts entered against the other defendants or that it is not in accord with the pleadings, evidence and instructions in the case.

The respondent Fennell has failed to point out any error committed by the court either in the admission of testimony or the instructions to the jury, affecting the defendant Hauser, which was prejudicial to the plaintiff. He contends, however, that the verdict in favor of the defendant Hauser was inconsistent with the other verdicts. We have carefully read the entire record in the case and have not been able to find any reason warranting the trial court's granting to plaintiff a new trial as to the defendant Hauser. The order appealed from is affirmed as to appellant Banks and reversed as to appellant Hauser.

KELLY, J., not sitting.

---

Petition for rehearing denied January 2, 1934

ON PETITION FOR REHEARING
(28 P. (2d) 245)

BAILEY, J. On motion to dismiss appeal. The respondent, Ray Fennell, has filed a motion to dismiss the appeal in this action "on the ground that the court has no jurisdiction to hear or consider the said appeal, for the reason that the order appealed from by the appealing defendants was not a final order, inasmuch as the controversy was left undetermined as to the remaining defendants who did not appeal".

■ In support of this motion the respondent relies upon *Watkins v. Mason,* 11 Or. 72, and *Abrahamson v. Northwestern Pulp & Paper Company,* 141 Or. 339 (15 P. (2d) 472, 17 P. (2d) 1117).

Neither of the above cases involved an appeal from an order granting a new trial. In *Watkins v. Mason,* supra, judgment was recovered against O. P. Mason and Mary Mason, his wife, before a justice of the peace, and on appeal to the circuit court judgment on demurrer was entered in favor of Mary Mason before the determination of the case as to O. P. Mason. From the judgment of the circuit court Watkins appealed to this court, and a motion was filed to dismiss the appeal as to Mary Mason because it was not taken within six months from the entry of the judgment on demurrer in her favor, although the appeal was taken within six months from the entry of the judgment as to O. P. Mason. In denying the motion, the court said: ''The cases hold, however, that an appeal lies only when the controversy as to all the parties to the action has been finally determined.''

In *Abrahamson v. Northwestern Pulp & Paper Company,* supra, the suit was instituted by numerous plaintiffs against some eleven defendants. Upon motion by three of the defendants the amended complaint was stricken as to them and the plaintiffs were granted a definite time in which to file a further amended complaint. On their failure to do so, orders were made dismissing the suit as to these three defendants, and from such orders an appeal was prosecuted to this court. In dismissing the appeal, this court said:

''The question involved is whether the orders of dismissal are appealable orders in the light of the fact that no order of dismissal was made as to answering defendants, or as to the other defendants who have

appeared by motion to strike the original complaint. An appealable order is a final order: Article VII, section 6, constitution of Oregon. The legislature has not declared that an order of dismissal as to part of the defendants in a case shall be deemed a final order where, as in this case, no order of dismissal has been made as to the other defendants.''

Farther on in the opinion the court remarked:

''A half a century ago, this court announced the rule that an appeal lies only when the controversy as to all the parties to the action has been finally determined:'' citing the case of Watkins v. Mason, supra.

Prior to the amendment of § 547, B. & C. Code, in 1907 (Laws 1907, chapter 62), relating to appeals, an order granting a new trial was not appealable: *Fisk v. Henarie,* 15 Or. 89 (13 P. 760), on the ground that such an order did not affect a substantial right or determine the action so as to prevent a judgment or decree therein. In 1907, however, the law was amended so as to grant to litigants the right to appeal ''from an order setting aside a judgment and granting a new trial'' and the statute especially provided that ''for the purpose of being reviewed on appeal,'' such an order ''shall be deemed a judgment or decree''. See § 7-501, Oregon Code 1930.

Since the law expressly gives a litigant the right to appeal from an order granting a new trial, it is unnecessary to determine whether or not such an order is final. The decisions relied upon by the respondent involved the question of whether or not the orders appealed from were final, and not whether or not an appeal could be prosecuted from an order made appealable by statute. What was said in those cases must be read in the light of the facts therein involved.

The fact that some of the defendants in the case now before us filed motions for a new trial and therefore must be considered as acquiescing in the order granting a new trial, thus precluding them from appealing therefrom, should not prevent those defendants who opposed such motions from appealing. To give any other construction to the amendment above referred to would be to annul, in part at least, the purpose sought to be accomplished by the legislature, i. e., to permit a litigant to test the correctness of the trial court's ruling in granting a new trial, without the additional expense and delay incident to a new trial.

The motion to dismiss the appeal is denied.

On petition for rehearing.

The respondent, Fennell, petitions that, in the event that the motion to dismiss the appeal is denied, a rehearing be granted as to the appellant Hauser. In the petition it is stated that this court erred in holding (1) that the erroneous instructions of the trial court as to separate verdicts against the several defendants did not in any way mislead the jury as to its verdict in favor of the defendant Hauser; and (2) that the pleadings and evidence justified the submission to the jury of the question of the defendant Hauser's liability to the plaintiff.

Four forms of verdict were submitted to the jury. The first form was for a verdict in favor of the plaintiff and against all the defendants, with the amount left blank. The second form permitted the jury to find in favor of the plaintiff and against the several defendants and was the one used by the jury in finding in favor of the plaintiff and against all the defendants except Hauser, for different amounts. The third form

was to be filled out in the event that the jury found in favor of some, but not all, of the defendants, and was used as to defendant Hauser. The fourth form was to be used in the event that the jury found in favor of all the defendants. In referring to the second form, the one quoted in our former opinion, the court, among other things, stated: "Now, this is the form of verdict used by you in case you find for the plaintiff and against some, but not all, of the defendants."

The respondent filed a motion for a new trial, based on the assertion that the court erred in permitting the jury to find against some of the defendants in separate amounts, but he now contends that the trial court erred in not extending this instruction, which he formerly claimed to be objectionable, to include all the defendants. It is stated by counsel for respondent, in referring to the above quoted part of the instruction, that "this instruction made it necessary for the jury, before it could find any separate verdicts, to eliminate at least one of the defendants. The court, however, clearly told the jury that it could not thus find separately against each and all of the defendants". The error formerly complained of, relative to this instruction, consisted in the court's stating to the jury that it could find for different amounts against some of the defendants, and not in the fact that the court failed to advise the jury that it could find against all the defendants in varying sums. We fail to see how the respondent could have been benefited by extending this erroneous instruction to include all the defendants. In view of all the instructions given, that part of the charge to the jury pointed out by the respondent could not in any way have prejudiced the respondent, in so far as Hauser was concerned.

In support of his second reason for urging a rehearing, the respondent refers to Hauser's affirmative answer and to some of his testimony, and states that this answer, together with the evidence, entitled the plaintiff to a verdict against Hauser in a substantial amount. This is followed by the statement that "the plaintiff was in no position to ask for an instructed verdict against Hauser, simply because the *amount* of his liability was a question for the jury * * *".

The respondent, in his petition for a rehearing, does not call our attention to any particular item or items in the various assigned claims included in the amended complaint, for which the defendant Hauser was liable. He does, however, expressly admit that the amount of Hauser's liability should have been submitted to the jury.

We have again reviewed all of Hauser's testimony, a part of which only was referred to in respondent's petition, and we adhere to our former opinion that the question of Hauser's liability and the amount, if any, for which he was liable, was properly submitted to the jury.

The petition for a rehearing is therefore denied.

KELLY, J., not participating.