Argued October 21; affirmed November 30, 1948

# DINUCCI *v.* HAGER
### 200 P. (2d) 380

*Francis F. Yunker,* of Portland, argued the cause for respondent. With him on the brief were Mood W. Eckley and James Ganoe, of Portland.

*James J. Kennedy,* of Portland, argued the cause

for appellant. With him on the brief were William H. Morrison, Randall B. Kester, and Maguire, Shields & Morrison, all of Portland.

Before Rossman, Chief Justice, and Lusk, Kelly and Hay, Justices.

KELLY, J.

This is an action to recover damages for personal injuries sustained in an automobile collision. From an order setting aside a verdict in favor of defendant Chester James Hager, and against plaintiff, and granting a new trial, said defendant appeals.

Defendant, Roy Hager, who is the father of Chester James Hager, is not involved in this appeal, the trial court having directed a verdict in his favor.

The accident in suit occurred on July 4, 1944, at or about 7:50 o'clock p. m. daylight saving time, at the intersection of Rockwood Road and Halsey Street in Multnomah County, Oregon, plaintiff being the occupant of an automobile which had been proceeding in a generally westerly direction on and over said Halsey Street; and defendant Chester James Hager was driving an automobile southerly on Rockwood Road.

A trial to a jury was had and the jury returned a verdict in favor of defendant Chester James Hager and against the plaintiff. A judgment was entered in accordance with the verdict. Seasonably thereafter plain-

tiff filed a motion for an order setting aside the verdict of the jury and the judgment entered thereon.

The grounds upon which said motion was based, were the alleged error of the trial court in giving certain instructions to the jury and in failing to give plaintiff's requested instructions, numbers 1 and 2.

The instructions criticised by plaintiff, that were given by the court, are as follows:

"In the first instance, if the evidence in behalf of the plaintiff and the evidence you heard in behalf of the defendant is evenly balanced as to the negligence, so you cannot say upon which side it weighs the heavier, you should resolve it in behalf of the defendant, and on that question find against the plaintiff."

" * * * or if you find that the accident was brought about solely through the negligence of the plaintiff, and that there was no negligence on the part of the defendant, you would have to find for the defendant."

"You are instructed that there is in effect in this state what is known as the Basic Rule which provides that no person shall drive a vehicle upon a highway at a speed greater than is reasonable and prudent, and having due regard to the traffic, surface and width of the highway and the hazard at the intersections and any other conditions then existing, and if you find that plaintiff was proceeding at a speed which was greater than that provided for by the above rule, then he was guilty of negligence and if such negligence was the proximate cause, or contributed in the slightest degree to the proximate cause of the accident, then your verdict must be for the defendant.

"In order for the plaintiff to prevail in this case, it is necessary that you should find by a preponderance of satisfactory evidence, that the defendant was negligent in one or more of the respects

charged in the plaintiff's complaint and that such negligence was the sole and proximate cause of the damage to the plaintiff. You are instructed that in determining whether plaintiff has sustained this burden, that evidence is deemed satisfactory only if it produces moral certainty or conviction in an unprejudiced mind. Only evidence which produces such moral certainty or conviction is sufficient to justify a verdict, any less than this being insufficient. Therefore, unless the evidence in favor of the plaintiff produces such moral certainty and conviction in your mind, then your verdict must be for the defendant.''

Plaintiff's requested instructions numbers 1 and 2 that the court failed to give are as follows:

## I.

"It is charged in defendant's answer that Giuseppe DiNucci, also known as Joe DiNucci, the driver of the car in which plaintiff was riding at the time and place in question, was negligent in failing to keep a proper lookout; in failing to yield the right of way; in failing to have his automobile under control, and in driving at an excessive rate of speed under the circumstances then and there existing considering the width and surface of the highway and hazards of the intersection; and that these acts of Giuseppe DiNucci were the proximate cause of the collision and injuries plaintiff sustained. In this connection you are instructed that no negligence of Joe DiNucci can be imputed to plaintiff in this case. That is to say: She is not responsible for any of the acts of Joe DiNucci in the operation of the vehicle, even though he was her husband; and so, no act or neglect of Joe DiNucci may be considered by you as the act or negligence of plaintiff in any respect. She is not responsible for the act of another over whom she had no control, or for any neglect except her own, and in this case no charge or claim has been made

that plaintiff Katherine DiNucci was careless or negligent in any respect whatsoever. In considering the question of proximate cause of the collision and consequent injuries you may not consider the question of contributory negligence, for no contributory negligence is charged.

### II.

If upon consideration of the evidence, under these instructions, you find that the defendant Chester James Hager was careless or negligent in any one or more of the particulars charged in plaintiff's complaint, and that the collision would not have occurred but for such negligence of the defendant, then it will be your duty to consider and determine the amount of damages, if any, which plaintiff may have sustained. This you must do even though you might be of the opinion that Joe DiNucci was also negligent, for the negligence of Joe DiNucci, if any there was, would not relieve defendant from the responsibility of his own negligence. In other words, if you should find from the evidence that Chester James Hager was negligent at the time and place in question, in any of the particulars charged in the complaint, and that if he had not been so negligent the collision would not have occurred, then you must [determine] what damages if any, were suffered by plaintiff.''

■ Requiring plaintiff to prove that defendant's negligence was the sole and proximate cause of the damage to plaintiff constituted error even though inadvertently committed.

■■ There was no testimony tending to prove that plaintiff was negligent and no allegation in defendant's answer to that effect, hence, the court's suggestion that the jury might find that the accident was brought about ''solely through the negligence of plaintiff'' was unfortunate; but being connected with the further in-

junction that if such a finding should be made and also that there was no negligence on the part of the defendant, the jury would have to find for defendant, we would not deem this suggestion alone concerning the negligence of plaintiff sufficient to reverse a judgment for defendant; but the preponderance of authority is to the effect that an order of the trial court granting a new trial will not be disturbed by an appellate court if the record discloses any tenable ground in support thereof. *Fennell v. Hauser,* 145 Or. 351, 358, 27 P. 2d 685, 28 P. 2d 245.

■ In instructing the jury, however, that if they found that plaintiff was proceeding at a speed which was greater than that provided for by the basic rule, and if such negligence was the cause of, or contributed in the slightest degree to the proximate cause of, the accident, then their verdict must be for the defendant, we think error was committed that necessitated setting aside the verdict rendered by the jury in favor of the defendant.

Defendant calls attention to the rule that, unless it be shown that the jury is influenced by an erroneous instruction, the court would not be justified in setting aside their verdict. In the case at bar, the verdict was in favor of defendant. It may well have been so, because of the erroneous instructions just discussed.

Other questions are presented by reason of the failure of the trial court to give plaintiff's requested instructions above quoted, but we deem it unnecessary to deal with them here because of the well known experience and learning, as well as the demonstrated fairness and ability, of the trial judge.

The judgment of the circuit court granting a new trial is affirmed.