Argued and submitted February 17, affirmed August 17, reconsideration denied
November 10, petition for review denied December 20, 1988 (307 Or 245)

LESLIE,
*Respondent,*

*v.*

BENDL et al,
*Appellants.*

(85-1386C; CA A43604)

759 P2d 301

Kathryn H. Clarke, Portland, argued the cause and filed the briefs for appellants.

James N. Westwood, Portland, argued the cause for respondent. On the brief were Clifford N. Carlsen, Carolyn E. Wells and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, P. J., dissenting.

## WARREN, J.

This is an action on a debt. Defendants appeal a judgment imposing joint and several liability on them individually as officers and directors of an unincorporated association, organized pursuant to ORS chapter 260 as a political committee.[1] At issue is whether defendants are jointly and severally liable for a judgment debt of the association for attorney fees imposed under the Oregon Corrupt Practices Act. ORS 260.532.[2] We affirm.

The parties have stipulated to these facts. Friends of Tax Limitation (the "association") was organized for the primary purpose of promoting passage of a November, 1984, tax measure. Defendants Bendl and White were the secretary and treasurer, respectively, of the association and were both authorized to act on its behalf. Defendant White was also a director. Defendant Pierce was a director and the chairman. At the express direction of Bendl and White, the association sued plaintiff, alleging violations of ORS 260.532. Bendl and White authorized, directed and ratified all actions of the association regarding the action and, because of their positions as officers and directors, they at all times knew, and defendant

---

[1] ORS 260.005(11) provides:

" 'Political committee' means a combination of two or more individuals, or a person other than an individual, the primary or incidental purpose of which is to support or oppose any candidate, measure or political party, and which has received a contribution or made an expenditure for that purpose."

[2] ORS 260.532 provides:

"(1) No person shall cause to be written, printed, published, posted, communicated or circulated, any letter, circular, bill, placard, poster, photograph or other publication, or cause any advertisement to be placed in a publication, or singly or with others pay for any advertisement, with knowledge or with reckless disregard that the letter, circular, bill, placard, poster, photograph, publication or advertisement contains a false statement of material fact relating to any candidate, political committee or measure.

"* * * * *

"(4) Any candidate or political committee aggrieved by a violation of this section shall have a right of action against the person alleged to have committed the violation.

"(5) * * * Any prevailing party is entitled to recover reasonable attorney fees at trial and on appeal.

"* * * * *

"(9) The remedy provided by this section is the exclusive remedy for a violation of this section."

Pierce knew or should have known, that the association had filed the action. Pierce did not object to the filing. A jury found that plaintiff had not violated the statute, and a judgment for attorney fees was awarded her against the association pursuant to ORS 260.532(5). The parties agree that plaintiff has not attempted to collect the judgment from the association. She instead commenced this action to collect from the individual directors and officers. The trial court concluded that, because defendants had assented to or ratified commencement of the action, they are jointly and severally liable.

Defendants cite ORS 260.532(4) and ORCP 67E(1) for the proposition that only the association can be liable. ORS 260.532(4) grants standing to an unincorporated political committee to sue for a violation of the act. ORCP 67E(1) provides that an unincorporated association may be sued in its assumed name and that the judgment will bind the association and the joint property of all of the members. Neither expressly addresses from whom a judgment may be collected.

■       At common law, a debt of an unincorporated association was jointly and severally the liability of and collectible from individual members who authorized or ratified the acts which resulted in the debt. *Fennell v. Hauser,* 145 Or 351, 357, 27 P2d 685, 28 P2d 245 (1934), *overruled on other grounds Beglau v. Albertus,* 272 Or 170, 180-83, 536 P2d 1251 (1975); *Cousin v. Taylor et al,* 115 Or 472, 476, 239 P 96 (1925). The parties have agreed here that defendants authorized or ratified the commencement of the action against plaintiff. Under common law principles, defendants would be jointly and severally liable.

■       There is no indication that ORS 260.532 was intended to alter the common law principle. Indeed, the statute's text and history support the conclusion that the legislature intended to incorporate the common law rule in the statute. ORS 260.005(11) defines a "political committee," for purposes of ORS 260.532 and other provisions of the Corrupt Practices Act, as a combination of individuals or nonindividuals who make up its membership. That definition is completely consistent with individual as well as entity accountability. *See* note 1, *supra.* ORCP 67E(1) cannot modify the substantive individual liability of the members. ORS

1.735.[3] Moreover, given the 1975 and 1983 amendments to ORS 260.532(5),[4] which made prevailing defendants as well as prevailing plaintiffs entitled to attorney fees, it is unlikely that the legislature intended to limit recourse for attorney fees to the political committee as an entity and to shield the members whose legal accountability is likely to be longer lasting.[5]

The text of ORS 260.532 does not limit the rights of creditors of an unincorporated assocation. Subsection (5) provides that "[a]ny prevailing party is entitled to recover reasonable attorney fees at trial and on appeal." This provision does not expressly restrict the source of recovery to the political committee. Although a judgment against a political committee is the "exclusive remedy" under ORS 260.532(9), that provision does not address from whom the debt of the unincorporated association may be collected.

In the absence of a clear legislative decision to limit the rights of creditors of an unincorporated association, we assume that no such limitation was intended. The trial court did not err in concluding that the defendants were personally liable for the debt of the unincorporated association.

Affirmed.

**BUTTLER, P. J.,** dissenting.

Plaintiff, as the successful defendant in an action brought by Friends of Tax Limitation, a political committee, under the Corrupt Practices Act, ORS 260.532(4), was awarded attorney fees against the committee pursuant to ORS 260.532(5). Rather than levy execution on that judgment,[1] she

---

[3] ORS 1.735 provides that "[t]he Council on Court Procedures shall promulgate rules governing pleading, practice and procedure * * * which shall not abridge, enlarge or modify the substantive rights of any litigant."

[4] Under the 1973 version of ORS 260.532(5), only a prevailing plaintiff could recover attorney fees. The provision was altered in 1975 to include prevailing defendants. The 1975 amendment provided: "Any prevailing party may be awarded reasonable attorney fees." In the 1983 amendment, the language was altered to the present language granting an entitlement of attorney fees to the prevailing party. ORS 260.532(5).

[5] ORS 260.042 requires a committee to state whether it intends to remain in existence for more than one year.

[1] It is understandable that plaintiff would prefer to avoid the risk of a wrongful execution by bringing this separate action.

filed this "action on a debt" against defendants, who are directors or officers of the committee, contending that they are jointly and severally liable for the debt of the committee as an unincorporated association. Because I disagree with the majority's conclusion that plaintiff may maintain this action, I dissent.

ORS 260.532 prohibits the knowing or reckless publication of any false statement relating to a candidate, a political committee or an election measure. In the original statute, the prohibition was enforced by criminal sanctions. In 1973, the statute was amended to create a civil action for compensatory damages, Or Laws 1973, ch 744, § 36; the action may be brought *only* by a candidate or a political committee. However, a political committee may *not* be sued as a defendant in such an action. ORS 260.532(6). The statute defines "a political committee" as "a combination of two or more individuals, or a person other than an individual, the primary or incidental purpose of which is to support or oppose any candidate, measure or political party, and which has received a contribution or made an expenditure for that purpose." ORS 260.005(11). It is clear that only a candidate or a political committee, as defined, is authorized to bring an action for violation of the statute. It is also clear that the remedies granted by the statute are the exclusive remedies for its violation. ORS 260.532(9).

Before ORS chapter 260 was enacted, no unincorporated association had the capacity to bring an action in its own name; it was not a legal entity and no action could be brought by or against it. *Fennell v. Hauser,* 145 Or 351, 27 P2d 685, 28 P2d 245 (1934), *overruled on other grounds, Beglau v. Albertus,* 272 Or 170, 536 P2d 1251 (1975). The Corrupt Practices Act changed the common law rule with respect to an action for damages under its provisions, but only to the extent that it granted standing to political committees to sue; in fact, *only* a candidate or a political committee may sue. A political committee may not be sued as a defendant in such an action, although a judgment may be entered against it for attorney fees if it does not prevail in an action that it brings. Accordingly, it appears to me that plaintiff in this action, having obtained a judgment against the committee for attorney fees in the Corrupt Practices Act action, is limited to recovery against the political committee, the only non-prevailing party in that action and the only one authorized to maintain it.

I do not believe that the later enactment of ORCP changes the result. It is true that ORCP 26B permits an unincorporated association to sue or be sued in its name and that ORCP 67E provides that a judgment in an action against an unincorporated association shall bind the joint property of all of the associates. However, the Corrupt Practices Act specifically provides that a political committee may not be sued as a defendant, contrary to ORCP 26B. Furthermore, given the limitation in ORS 260.532(6) that a recovery made by a political committee in an action under that section shall be distributed *pro rata* among the persons making contributions to the committee, it seems clear to me that the legislature did not have in mind the common law rules applicable to unincorporated associations when it enacted the Corrupt Practices Act, or amended it in 1973. Plaintiff does not claim that she is entitled to a pro rata recovery from each person making contributions to the committee. Neither does she claim that the committee transferred assets to its members in order to defeat her judgment.

The Corrupt Practices Act stands by itself and provides the exclusive remedies for aggrieved persons. Neither ORCP nor common law rules should be applied to change the exclusive remedy provided by the legislature. Plaintiff's remedy is against the committee. I would reverse.

Accordingly, I respectfully dissent.