Argued and submitted July 13, reversed December 6, 2006

AMERICAN FEDERATION OF
TEACHERS-OREGON, AFT, AFL-CIO,
an Oregon unincorporated association,
*Respondent,*

*v.*

William SIZEMORE,
*Appellant.*

0308-08425; A126715 (Control)

OREGON EDUCATION ASSOCIATION,
an Oregon nonprofit corporation,
*Respondent,*

*v.*

William SIZEMORE,
*Appellant.*

0308-08430; A126716
(Cases Consolidated)

150 P3d 408

See also 208 Or App 350, 145 P3d 1111.

Gregory W. Byrne argued the cause and filed the briefs for appellant.

Gregory A. Hartman argued the cause for respondent Oregon Education Association. With him on the joint brief were Michael J. Morris, Aruna A. Masih, and Bennett, Harman, Morris & Kaplan, and Gene B. Mechanic and Goldberg Mechanic Stuart & Gibson LLP for respondent American Federation of Teachers-Oregon, AFT, AFL-CIO.

Before Landau, Presiding Judge, and Brewer, Chief Judge,* and Ortega, Judge.

LANDAU, P. J.

* Brewer, C. J., *vice* Ceniceros, S. J.

**LANDAU, P. J.**

Defendant William Sizemore appeals a limited judg-ment for plaintiffs Oregon Education Association (OEA) and American Federation of Teachers (AFT), which determined that Sizemore is personally liable to plaintiffs on a judgment in a separate case against the Oregon Taxpayers United Political Action Committee (OTU-PAC), a political action committee that Sizemore organized and managed. We reverse the judgment.

OEA and AFT brought an action against OTU-PAC and the Oregon Taxpayers United Education Foundation (OTU-EF), a public benefit, nonprofit corporation, alleging three counts under the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), ORS 166.715 to 166.735.[1] A jury, by special verdict, found OTU-PAC and OTU-EF liable on all three counts. On Count 3, the jury awarded plaintiff OEA damages of $671,658 and plaintiff AFT damages of $170,000. The trial court trebled those dam-ages under ORICO to $2,014,974 for OEA and $510,000 for AFT, and entered judgment accordingly.

Plaintiffs then filed in Multnomah County Circuit Court the complaint in this proceeding against Sizemore, who was not a defendant in the previous action. Plaintiffs asserted that—as an organizer, director, and member of OTU-PAC, and as the organizer, member of the board of directors, and officer of OTU-EF—Sizemore is jointly liable on the judgment against OTU-PAC.[2] *See Leslie v. Bendl*, 92 Or App 519, 759 P2d 301, *rev den*, 307 Or 245 (1988) (the debt of an unincorporated association is jointly and severally the liability of and collectible from individual members who authorized or ratified the acts that resulted in the debt).

Plaintiffs moved for partial summary judgment on the issue of Sizemore's liability with regard to the debt owed to plaintiffs by OTU-PAC under the judgment based on

---

[1] The background of this case is described in full in *American Fed. Teachers v. Oregon Taxpayers United*, 208 Or App 350, 145 P3d 1111 (2006), *adh'd to on recons*, 209 Or App 518, 149 P3d 159 (2006).

[2] Plaintiffs also asserted that Sizemore's domination and control over OTU-EF made him personally liable for OTU-EF's debts as the alter ego of the entity.

Count 3 of the ORICO action. The trial court granted plaintiffs' motion for partial summary judgment with respect to "the full amount of the judgment debt owed to plaintiffs attributable to the jury's verdict on COUNT 3" of the underlying action. The trial court entered a limited judgment for plaintiffs with respect to their claims based on Count 3 of the ORICO action. Sizemore now appeals, assigning error to the trial court's ruling that venue for plaintiffs' claim relating to OTU-EF is properly in Multnomah County and to the granting of plaintiffs' motion for summary judgment.

■     With regard to venue, Sizemore asserts that he resided in Clackamas County at the time of commencement of the action and that plaintiffs' claims arose in Clackamas County, and that for those reasons, venue is properly in Clackamas County. As we recently held in *Miller v. Pacific Trawlers, Inc.*, 204 Or App 585, 593-94, 131 P2d 831 (2006), when a venue ruling depends purely on an application of the law rather than on an exercise of discretion by the trial court, the proper remedy is a writ of mandamus in the Supreme Court. Sizemore sought a writ of mandamus from the Supreme Court, and the court denied that remedy. Accordingly, we will not consider Sizemore's venue contention on appeal.

■     Turning to the summary judgment ruling, on October 4, 2006, this court reversed the circuit court's judgment against OTU-PAC with respect to Count 3 of the underlying ORICO action. *American Fed. Teachers v. Oregon Taxpayers United*, 208 Or App at 379. As a result, there is no longer a judgment against OTU-PAC on Count 3 for which Sizemore can be held jointly liable. We therefore reverse the trial court's limited judgment in favor of plaintiffs.

Reversed.